**Timotheus PACKER, Plaintiff–Appellant,**

v.

**CITY OF TOLEDO, et al., Defendants–Appellees.**

No. 99–4157.

United States Court of Appeals, Sixth Circuit.

Jan. 12, 2001.

Before BOGGS and GILMAN, Circuit Judges, BECKWITH, District Judge.[*]

## OPINION

GILMAN, Circuit Judge.

Timotheus Packer filed suit against the City of Toledo, the Toledo Police Department, Detective Jennifer Bechtel, and various other police officers, claiming that his constitutional rights were violated when the police searched his residence pursuant to an allegedly defective warrant obtained by Detective Bechtel. The district court granted summary judgment in favor of all the defendants. Packer now challenges that decision. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Detective Bechtel, a member of the City's Vice Narcotics Squad, began a surveillance of Packer's neighborhood on May 5, 1997. On that date, the "Crime Stopper Hotline" received an anonymous report of suspected drug activity at two houses on Packer's street in Toledo, Ohio. One of the houses, located at 1009 Marmion Street, was adjacent to Packer's residence at 1005 Marmion Street. At approximately the same time, the Police Department received an independent report of suspected drug dealing by someone named "Tim Packer" out of a nearby house on Palmwood Ave-

[*] The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

nue. That house belonged to Packer's mother.

Although the Crime Stopper caller did not identify Packer's address, Detective Bechtel observed over the course of her surveillance of the adjacent house that many people, including known "cocaine junkies," were coming and going at Packer's residence. On May 29, 1997, Detective Bechtel used an informant to make a controlled purchase of a $20 cocaine rock at Packer's house. The crack cocaine was sold to the informant by someone other than Packer. One day earlier, Detective Bechtel used a different informant to buy a cocaine rock at the house located at 1009 Marmion Street. During that transaction, a man identifying himself as "Tim" sold the cocaine.

Based on her surveillance of Packer's house, the information from the citizen reports, and the two controlled drug buys, Detective Bechtel obtained a warrant to search Packer's residence from the Toledo Municipal Court on May 30, 1997. Three days later, the Toledo police executed the warrant. No drugs were found.

Packer contends that the affidavit was deliberately falsified and led the Toledo Municipal Court to issue a defective warrant. Packer brought suit in the Court of Common Pleas of Lucas County against the City of Toledo, the Police Department, Detective Bechtel, and various other police officers, alleging that he had been deprived of his Fourth, Fifth, and Fourteenth Amendment rights under color of state law in violation of 42 U.S.C. § 1983. The defendants removed the case to the United States District Court for the Northern District of Ohio because of the federal questions involved. All of the defendants subsequently moved for summary judgment. On August 25, 1999, the district court granted the defendants' motion, finding that although some of the factual statements in the affidavit were inaccurate, "sufficient information ... remained to establish probable cause for the search warrant." The district court therefore concluded that the warrant had been lawfully issued, that Detective Bechtel was entitled to qualified immunity, and that no basis remained to find the other defendants liable.

## II. ANALYSIS

### A. Standard of review

We review de novo the district court's grant of summary judgment. *See, e.g., Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

### B. Packer's § 1983 claim against the City of Toledo

To successfully establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must prove the following two elements: (1) that the defendant was acting under the color of state law, and (2) that the offending conduct deprived the plaintiff of rights secured by the Constitution or laws

of the United States. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). With reference to a governmental entity, such as the City of Toledo, the Supreme Court has determined that "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court held that municipalities may be sued for damages under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Id.* at 690. A municipality will not, however, be held vicariously liable under § 1983 for the random, unauthorized acts of its employees. *See id* at 691.

 ■ Packer, therefore, was required to show that the allegedly unlawful search resulted from an official policy or practice of the City. He was unable to do so, and in fact failed to offer *any* evidence of an official policy or practice that proximately resulted in the alleged deprivation of his constitutional rights. We thus conclude that the district court did not err in granting summary judgment for the City of Toledo.

C. Packer's § 1983 claim against all the individual police officers other than Detective Bechtel

 ■ In addition to Detective Bechtel, Packer sued the Chief of Police and four other officers who were involved in the search of his residence. Packer, however, presented no evidence against them in response to the defendants' collective motion for summary judgment. Furthermore, Packer's brief is solely devoted to the district court's alleged error in dismissing his claim against Detective Bechtel, making no mention of these other officers. This alone is sufficient reason to affirm the district court's dismissal of all claims against them. *See McMurphy v. City of Flushing,* 802 F.2d 191, 199 (6th Cir.1986) (holding that a plaintiff abandons an argument when he fails to pursue it on appeal).

 Moreover, Packer did not establish that either the surveillance or the search were conducted in an unreasonable manner. He has been unable to show that the officers' actions, performed in accordance with the requirements of their jobs, raised any genuine issue that would establish their liability. The district court's dismissal of these defendants was therefore appropriate.

D. Packer's § 1983 claim against Detective Bechtel

 ■ Finally, Packer contends that the district court erred in its finding that Detective Bechtel was entitled to qualified immunity. He asserts that Detective Bechtel violated Packer's constitutional rights by initiating an unreasonable search, and that there are genuine issues of material fact to be determined regarding this claim. The primary issue thus boils down to whether there was probable cause for Detective Bechtel's actions in obtaining the search warrant.

 In *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), the Supreme Court held that police officers are insulated from a § 1983 action for illegal search and seizure if a warrant has been obtained, unless the warrant application is so lacking in indicia of probable cause that official belief in the existence of probable cause is unreasonable. The Supreme Court in *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), had earlier created a test for search-warrant affidavits containing false information. Under that test, the trial court must disregard the affidavit's false

material and then determine if the remaining content is sufficient to establish probable cause. *See id.* at 155–56. The materiality of the false information is therefore the key issue. *See United States v. Campbell,* 878 F.2d 170, 173 (6th Cir.1989) (holding that a warrant should not be voided "because of immaterial false statements").

In the present case, Packer claims that the district court erred in finding that Detective Bechtel was entitled to qualified immunity. He alleges that she "deliberately falsified" her affidavit for the search warrant so that "every factual averment necessary to support the request for a warrant was untrue." Packer, however, has failed to offer any facts to dispute Detective Bechtel's deposition testimony, which was the only testimony in evidence. Instead, his argument rests solely on his conclusory attacks on various elements of the affidavit.

During pretrial discovery, Detective Bechtel acknowledged that the affidavit was inaccurate insofar as it stated that the Crime Stopper caller had reported drug trafficking activity at Packer's address instead of the adjacent house. Detective Bechtel's deposition testimony makes clear, however, that the challenged portion of the affidavit was only inaccurate, not deliberately false. Furthermore, the district court found that the inaccurate statement was not material, because there was other information in the affidavit sufficient to establish probable cause without the statement in question.

Given Detective Bechtel's surveillance of Packer's street during the month of May, the controlled drug buys, and the Crime Stopper information, we find no error in the district court's conclusion that Detective Bechtel did in fact have sufficient probable cause to request the warrant. We therefore concur in the district court's conclusion that she was entitled to qualified immunity.

## E. Packer's damage claims

As a result of the allegedly illegal search, Packer claims that his property was unnecessarily damaged and that he suffered humiliation, embarrassment, fear, and emotional distress. The police, on the other hand, contend that the search was valid and conducted in a reasonable manner considering the nature of the contraband for which they were searching. Packer has failed to offer any proof that he in fact suffered the damages claimed, and has never rebutted the defendants' assertion that the search was reasonably executed. Instead, his appeal concentrates solely on the alleged invalidity of the search warrant.

Because both his response to the defendants' motion for summary judgment and his appeal to this court fail to discuss Packer's damage claims, these claims are waived. *See Smith v. Thornburg,* 136 F.3d 1070, 1081 (6th Cir.1998) (stating that the plaintiff's "appeal waives certain of his § 1983 claims, i.e., offensive racial comments and property damage ... by omitting all discussion of such claims from his brief."). The district court therefore did not err in granting summary judgment for the defendants on all of Packer's damage claims.

## III. CONCLUSION

For all of the reasons set forth above, we AFFIRM the judgment of the district court.