RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0292p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

DANIEL NEWMAN, individually,

    *Plaintiff-Appellee*,

*v.*

TOWNSHIP OF HAMBURG, et al.,

    *Defendants*,

ERIC CALHOUN, in his individual capacity;

    *Defendant-Appellant*.

No. 14-1455

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:12-cv-10258—Arthur J. Tarnow, District Judge.

Argued: December 3, 2014

Decided and Filed: December 12, 2014

Before: SILER, SUTTON, and STRANCH, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Josephine A. DeLorenzo, PLUNKETT COONEY, P.C., Bloomfield Hills, Michigan, for Appellant. Wolfgang Mueller, OLSMAN MUELLER, WALLACE & MACKENZIE, P.C., Berkley, Michigan, for Appellee. **ON BRIEF:** Josephine A. DeLorenzo, PLUNKETT COONEY, P.C., Bloomfield Hills, Michigan, for Appellant. Wolfgang Mueller, OLSMAN MUELLER, WALLACE & MACKENZIE, P.C., Berkley, Michigan, for Appellee.

1

_____

**OPINION**

_____


SUTTON, Circuit Judge.  Daniel Newman filed this malicious prosecution action under § 1983 and state law, accusing Michigan police officer Eric Calhoun of deliberately misrepresenting a witness's statement when he presented an affidavit to a state judge in support of an arrest warrant for murder.  The district court rejected Calhoun's motion for summary judgment based on qualified immunity, and Calhoun filed this interlocutory appeal.  Because ample evidence of probable cause for Newman's arrest exists, and no evidence reveals a deliberate or reckless misrepresentation by Calhoun, we reverse.

I.

Someone murdered Henry Chappelear shortly after midnight on February 28, 1992.  Sergeant Eric Calhoun of the Hamburg Township police led the criminal investigation.  Before long, Daniel Newman became the primary suspect based on several leads.  Ballistics showed that Newman's gun was the murder weapon, which police found in a duffle bag.  The duffle bag not only contained Newman's gun, but it also had hairs in it similar to Newman's.  A witness, Ben Masters, said that he saw two young men with light brown hair drive by Chappelear's home in a car much like Gary Kulpa's not long before the murder.  Both Newman and his friend Kulpa had light brown hair.

In Calhoun's affidavit supporting his request for a warrant to arrest Newman, he presented this and other evidence.  The judge found probable cause, and the police arrested Newman.  A jury convicted Newman of murder.

Fifteen years later, a panel of this court granted Newman's petition for a writ of habeas corpus, concluding that the evidence presented at trial did not suffice to prove his guilt beyond a reasonable doubt.  *See Newman v. Metrish*, 543 F.3d 793 (6th Cir. 2008).  Now a free man, Newman brings this malicious prosecution action against Sergeant Calhoun under § 1983 and state law.  He claims Calhoun's affidavit purposefully distorted Masters' statement.  Without the misrepresentation about when Masters saw the car drive by, Newman says, no probable cause

would have existed for his arrest and prosecution.  Calhoun moved for summary judgment on qualified immunity grounds.  The court rejected the motion, holding that genuine issues of material fact remained, prompting this interlocutory appeal.

II.

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We review de novo the district court's application of that standard.  *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014).  Because Sergeant Calhoun raises legal issues regarding qualified immunity that are "inextricably intertwined" with the rest of his arguments, we have jurisdiction over the entire interlocutory appeal, including his state law claims.  *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014); *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir. 1998).

*Section 1983 claim.*  Sergeant Calhoun is entitled to qualified immunity if he did not violate Newman's clearly established constitutional rights.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  The Fourth Amendment conditions warrants on probable cause and prohibits unreasonable seizures.  A police officer violates those restrictions only when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause.  *See Sykes v. Anderson*, 625 F.3d 294, 312 (6th Cir. 2010).  The resulting claim, what might be called an "unreasonable prosecutorial seizure" claim, is traditionally known as a "malicious prosecution" claim.  *Id.* at 310 (internal quotation marks omitted).

Newman's claim suffers from two serious weaknesses.  In the first place, no reasonable jury could find that Sergeant Calhoun deliberately or recklessly mischaracterized Masters' statement in his request for a warrant.  The modest differences between Calhoun's affidavit and Officer Patrick DeBottis's account of the Masters interview do not make the "substantial showing" needed to support the requisite intent.  *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).  Calhoun's affidavit reports that Masters saw a car like Kulpa's speed by Chappelear's place "[a]t approximately 5:00 p.m. on or about February 27."  R. 21-13 at 6 (Page ID # 319).  Officer DeBottis recalled that Masters said he saw the car sometime on either February 27 or 28.  Calhoun remembers Masters being more specific, giving a 5:00 p.m. approximation, and DeBottis remembers him being more vague.  But that does not establish a contradiction.  The

differences between the officers' accounts are minor. Calhoun's affidavit "was not so far off the mark" from DeBottis' report to permit an inference of deliberate or reckless disregard for the truth. *Hutsell v. Sayre*, 5 F.3d 996, 1004 (6th Cir. 1993). Any discrepancy at worst shows negligence or perhaps a lack of attention to detail, which does not amount to malicious prosecution. *See, e.g., Wolf v. Winlock*, 34 F. App'x 457, 461 (6th Cir. 2002); *Packer v. City of Toledo*, 1 F. App'x 430, 434 (6th Cir. 2001). No reasonable jury could find that Sergeant Calhoun intentionally or recklessly played fast and loose with the facts.

In the second place, the alleged inaccuracy does not change the probable cause calculus anyway. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959); *see also Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The rest of the evidence amply established probable cause for Newman's arrest and prosecution, eliminating any claim that Sergeant Calhoun's recounting of Masters' statement made a difference in his arrest and prosecution.

Consider the other uncontested facts in Sergeant Calhoun's affidavit. Ballistics confirmed that one of the murder weapons was a handgun Newman purchased a few months before. The other murder weapon was a twelve-gauge shotgun, and police found a twelve-gauge shotgun in the same duffle bag as Newman's handgun. Brown human hair in the bag was similar in color to Newman's hair, and reddish animal fur in the bag was similar to the color of the fur of one of Newman's dogs. The bag also contained two stolen walkie-talkies that police suspected were stolen by Newman's friend Kulpa. And Newman had bought drugs from Chappelear and owed him money, showing that they knew each other. This evidence—all without any reference to Masters' statement—readily supports probable cause and thus readily defeats a malicious prosecution claim.

Newman responds that only a jury may make the probable cause determination. He is half right. If he presents sufficient evidence that would allow a reasonable jury to find that no probable cause existed for his arrest, he indeed may take his claim to a jury. But the point of Civil Rule 56 is to prevent claims from going to a jury when the court, after drawing all inferences in favor of the non movant (here Newman), determines that no reasonable jury could

make such a finding. That is this case. Where the requisite material facts are not in dispute, as is true here, probable cause "retains its legal character" and must be decided by the court. *Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005). As shown, ample uncontradicted evidence supported Newman's arrest and prosecution for murder. In this instance, no reasonable jury examining all the evidence—the guns, the hair, the walkie-talkies, the drug connection—could find that the authorities lacked probable cause.

Newman persists that the Sixth Circuit's habeas decision based on insufficiency of the evidence shows that probable cause did not exist. But this argument conflates two standards of proof—the modest requirement that probable cause exist to prosecute someone and the stringent requirement that proof beyond a reasonable doubt exist to find him guilty. *See United States v. Ventresca*, 380 U.S. 102, 107 (1965). The court granted Newman's petition because, without more evidence placing him at the scene of the crime, reasonable doubt remained. *Newman*, 543 F.3d at 797. To be sure, the panel said the evidence amounted only to a "reasonable speculation" Newman was present. *Id.* But, contrary to Newman's reading, this was not a reference to the Fourth Amendment's "reasonable suspicion" standard. Read in context, the panel was referring to reasonable doubt in the sense of whether the State had met its burden of establishing proof beyond a reasonable doubt of Newman's guilt—the only issue before it. In a malicious-prosecution action, however, reasonable doubt is not the question. *See Zantello v. Shelby Twp.*, 277 F. App'x 570, 572 (6th Cir. 2008). "Because there is no requirement that the defendant to a malicious-prosecution charge must have evidence that will ensure a conviction, not every failed criminal prosecution will sustain a subsequent malicious-prosecution suit." *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005) (internal quotation marks omitted). That perfectly describes Newman's case. Our prior opinion held only that there was insufficient evidence to convict Newman beyond a reasonable doubt. It said nothing about probable cause.

*Michigan Law.* Newman's state-law claim for malicious prosecution fails for similar reasons. Under Michigan law, Newman must show an absence of probable cause, and he must show "malice." *See Matthews v. Blue Cross & Blue Shield of Mich.*, 572 N.W.2d 603, 609–610 (Mich. 1998). That requires evidence that the officer "knowingly sw[ore] to false facts . . . without which there is no probable cause," *Payton v. City of Detroit*, 536 N.W.2d 233,

242 (Mich. Ct. App. 1995), a standard that is more demanding than establishing mere recklessness.  On this record, no reasonable jury could find that Sergeant Calhoun deliberately misstated the facts in his affidavit.  And at any rate, plenty of other evidence of probable cause existed, as just shown.  Newman's claim under Michigan law fares no better than his federal one.  It fails too.

For these reasons, we reverse.