CLAY, Circuit Judge, concurring in part and dissenting in part. I agree with the majority’s holding that the district court erred in finding that Officer Troy Sierras was entitled to qualified immunity on Plaintiffs’ warrantless entry claim. I write separately, in part, because I disagree with the majority’s conclusion that Plaintiffs waived their malicious prosecution claim against both officers on appeal. Moreover, I would hold that the district court improperly granted summary judgment to the officers on the malicious prosecution claim and thus would reverse the judgment of the district court. Instead of resolving the issue on the merits, the majority states that Plaintiffs waived their malicious prosecution claim by failing to argue the claim on appeal. Because Plaintiffs dedicated only a few pages of their brief to this claim, the majority believes that they failed to follow Federal Rule of Appellate Procedure 28(a)(8), which states that an appellant’s brief must contain his or her “contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.” I respectfully disagree. While it is true that Plaintiffs could have done a better job presenting their argument as to this claim, the brief is not so lacking in support and development as to consider the argument forfeited or waived. Indeed, Plaintiffs discussed the issue for four pages, throughout which they cited the standard for a malicious prosecution claim and identified sections of the record purportedly showing that elements of the claim are disputed. Plaintiffs also identified statements in the police report that they contend are false. Therefore, Plaintiffs have done enough in their brief for their argument not to be considered forfeited or waived. In addition, there are significant differences between the cases that the majority cites for the proposition that the argument is forfeited and the situation presented here. In McPherson v. Kelsey, 125 F.3d 989 (6th Cir. 1997), we found an argument waived when the plaintiffs failed to include the elements of their claim in their brief and did not “point[] to evidence in the record that could satisfy these elements.” I'd. at 995. In this case, however, the majority admits that Plaintiffs correctly cited the elements of their malicious prosecution claim, and Plaintiffs identified which statements they contend met those elements. As another example, in Magnum Towing & Recovery v. City of Toledo, 287 Fed.Appx. 442 (6th Cir. 2008), where the plaintiffs dedicated only half a paragraph to a claim, we held that their argument was waived because that paragraph was entirely devoid of citations to either the record or to caselaw. Id. at 449. In addition, the argument was waived both in front of the district court and on appeal in that case, inasmuch as the district court noted that the plaintiffs failed to support their argument by pointing to specific evidence in the record. Magnum Towing & Recovery v. City of Toledo, Civ. A. No. 04-7671, 2007 WL 2492434, at *11 (N.D. Ohio August 29, 2007). The remaining cases cited by the majority are likewise either in-apposite or involve briefing that was substantially less robust than the briefing at issue here. See, e.g., Elite Int’l Enter., Inc. v. Norwall Grp., Inc., 628 Fed.Appx. 370, 374 (6th Cir. 2015) (finding waiver where brief made “only conclusory assertions”); Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1056-57 (6th Cir. 2015) (same where party did not “offer[ ] any developed argumentation” (internal quotation marks and citation omitted)); United States v. Hayter Oil Co. of Greeneville, Tenn., 51 F.3d 1265, 1269 (6th Cir. 1995) (same where parties made only a “conclusory assertion that their rights ... were violated”). Furthermore, Plaintiffs’ arguments are actually meritorious, and I would reverse the district court’s judgment insofar as it granted summary judgment to Officer Sierras and Sergeant Michael Schartow on the malicious prosecution claim. It is clear, upon a review of the record, that the district court’s reasoning relies on contested material facts and does not view the facts in the light most favorable to the plaintiff. See Rodgers v. Monumental Life Ins. Co., 289 F.3d 442, 448 (6th Cir. 2002) (stating that, for summary judgment, there must be “no genuine issue as to any material fact,” and that “the evidence and all reasonable inferences drawn therefrom [must be] viewed in the light most favorable to the nonmoving party” (quotations and citations omitted)). Therefore, the judgment as to the malicious prosecution claim should be reversed, and that claim should be allowed to proceed to trial. We have consistently recognized in this Circuit that “individuals have a clearly established Fourth Amendment right to be free from malicious prosecution.” King v. Harwood, 852 F.3d 568, 582-83 (6th Cir. 2017) (collecting cases). As noted by Plaintiffs, the elements of a malicious prosecution claim asserted under 42 U.S.C. § 1983 are: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty ... apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiffs favor. Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal quotation marks, citations, and alterations omitted). A police officer can be hable for a Fourth Amendment violation when “his deliberate or reckless falsehoods result in arrest and prosecution without probable cause.” Newman v. Twp. of Hamburg, 773 F.3d 769, 772 (6th Cir. 2014) (citing Sykes, 625 F.3d at 312). Plaintiff Dennis Brenay, Sr., was prosecuted for committing the felony offense of resisting or obstructing an officer. Under Michigan law, the charge of resisting an officer involves “withstand[ing], striving] against, or opposing]” an individual conducting official duties. People v. Morris, 314 Mich.App. 399, 886 N.W.2d 910, 916 (2016) (quotation omitted). Similarly, obstructing an officer involves “the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command.” Mich. Comp. Laws § 750.81d(7)(a). Brenay, Sr., claims that both Defendants, were involved in filing police reports containing false statements that were material to finding probable cause to arrest and prosecute him, and that these statements were deliberately or recklessly made. One such statement is the Essexville Police Report, which was written by an officer who is no longer a defendant in this case, but was approved by Sergeant Schartow, which stated: Dennis Sr. again tried to pull the door closed on these officer[s] and Ofc. Sierras was able to reach into the residence and grab ahold of Dennis Jr[.]’s arm. At this point Sgt. Schartow grabbed the door that Dennis Sr. was still trying to close and was able to pull it out of his hand so that officer[s] could get to Dennis Jr. Ofc. Sierras was telling Dennis Jr. that he was under arrest and told him to come outside. During this time Dennis Jr. was trying to pull away from Ofc. Sierras and Dennis Sr. was trying to get in between his son and the offi-eer[s]. Dennis Sr. was trying to push his son back into the house at one point and then tried to push Ofc. Sierras away from his son moments later. Brenay, Sr., also points to Sierras’ police report, which was attached to the affidavit for the arrest warrant, which stated that, after Sierras grabbed Brenay, Jr.,’s wrist, “Brenay Sr. still attempted to shut the door.” The report also states that Brenay, Jr.,’s “parents pulled him further into the hallway,” after Sierras said that Brenay, Jr., was under arrest. These affidavits directly contradict Plaintiff’s view of the relevant facts. Bre-nay, Sr., admits that he let go of the door, causing it to start to swing closed, and that, during the scuffle with the police officers, he made physical contact with someone. However, Brenay, Sr., claims that he pushed against either his son or Sierras only because he lost his balance and was attempting to regain it by holding on to someone for support. Notably, Bre-nay, Sr., is sixty-five years old, weighs 325 pounds, and has arthritis in his knees, which sometimes requires him to use a cane. The pictures painted by the two versions of the relevant events cannot be reconciled. Defendants’ version involves active resistance by Brenay, Sr., who was physically capable of simultaneously impeding the progress of two police officers and pushing his son out of the reach of said officers. Brenay, Sr., on the other hand, contends that he fell over when he lost his balance, as he is apt to do, and that any physical interaction between him and either his son or an officer was merely incidental. Viewing the evidence in the light most favorable to Brenay, Sr., and drawing all reasonable inferences from that evidence, the officers’ statements were “so far off the mark” as to allow the inference that the statements were both false and deliberately or recklessly made. Newman, 773 F.3d at 772 (citing Hutsell v. Sayre, 5 F.3d 996, 1004 (6th Cir. 1993)). Therefore, Brenay, Sr., has sufficiently alleged that Defendants deliberately or 'recklessly made material false representations in their police reports that contributed to the finding of probable cause. Defendants also argue that, even if the Court were to exclude the statements regarding Brenay, Sr., trying to separate his son from Officer Sierras, there was still probable cause to arrest Brenay, Sr., for obstructing the work of the officers because he interrupted the questioning a few times and closed, or attempted to close, the door twice. This argument, too, is unpersuasive. This Court has previously expressed doubt that asking questions or interrupting an officer can count for an obstruction charge. See, e.g., Patrizi v. Huff, 690 F.3d 459, 467 (6th Cir. 2012) (citing City of Houston v. Hill, 482 U.S. 451, 455, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)). Moreover, the Michigan courts have clarified that “obstructing an officer through a ‘knowing failure to comply with a lawful command’ requires some physical refusal to comply with a command, as opposed to a mere verbal statement of disagreement.” Morris, 886 N.W.2d at 916 n.6 (citing People v. Chapo, 283 Mich.App. 360, 770 N.W.2d 68, 74 (2009)). Indeed, in this case, Brenay, Sr., admitted to interrupting Sierras only twice, both of which allegedly occurred prior to Sierras’ attempt to arrest the younger Brenay. Viewing these facts in the light most favorable to Plaintiff, a reasonable jury could conclude that an officer did not have probable cause to arrest Brenay, Sr., for simply interrupting officers while they were interviewing his son. Similarly, the fact that Brenay, Sr., closed the door to his home cannot establish that he was trying to impede the work of the police. As to the first time when Brenay, Sr., closed the door, Defendants cannot contend that Brenay, Sr., hindered their attempts to arrest Brenay, Jr., as neither Brenay, Sr., nor the officers knew whether Brenay, Jr., was even at home. As to the second time the door closed, Bre-nay, Sr., testified that he inadvertently allowed the door to close after removing his hand from the door in a gesture of exasperation. Brenay, Sr., also testified that, at the time he made the gesture, he did not know that his son was going to be arrested, meaning he was not actually trying to obstruct any police business. Moreover, Brenay, Sr., had the right to close the door to the police. See Kentucky v. King, 563 U.S. 452, 469-70,131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). Given this interpretation of events, a reasonable jury could find that there was no probable cause to prosecute Brenay, Sr., for resisting or obstructing an officer simply by lawfully closing his front door. For the foregoing reasons, I disagree ■with the majority regarding Plaintiffs’ waiver of their malicious prosecution claim on appeal. Furthermore, I would reverse the district court’s judgment on the malicious prosecution claim, as Defendants were not entitled to summary judgment. Therefore, I respectfully dissent inasmuch as the majority affirms the district court’s judgment as to this claim.