**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0313n.06

Case No. 18-5968

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOE ALLEN EVANS; LINDA EVANS,           )
                                        )
     Plaintiffs-Appellants,           )
                                        )
v.                                      )
                                        )
JOHN KIRK, in his official capacity as Martin   )     ON APPEAL FROM THE UNITED
County Sheriff and in his individual capacity;  )     STATES DISTRICT COURT FOR
PAUL D. WITTEN, in his official capacity as     )     THE EASTERN DISTRICT OF
Martin County Deputy Sheriff and in his         )     KENTUCKY
individual capacity; MARTIN COUNTY              )
SHERIFF'S OFFICE; MARTIN COUNTY,                )
KY.,                                            )
                                                )
     Defendants-Appellees.                    )

BEFORE: NORRIS, CLAY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Police searched Joe and Linda Evans's business and arrested them when the officers found hydrocodone pills, cash, and a stolen gun. The State brought charges against them that were later dismissed. The Evanses filed this § 1983 action against John Kirk and Paul Witten, two county police officers involved in the case. The district court granted the officers' motion for summary judgment. We affirm.

Joe and Linda own a pawn shop in Inez, Kentucky. One morning in February 2016, Officer Kirk saw John Dials walk into the pawn shop. Kirk thought Dials had an outstanding arrest

warrant, prompting Kirk to walk into the shop and ask Dials to come outside while Kirk ran a warrant check. Dials complied, but before long he began to sweat and looked nervous. When Kirk asked Dials if something was wrong, Dials proceeded to hand Officer Kirk 22 oxycodone pills and 4 suboxone strips. Dials didn't have a prescription for either type of drug. Officer Witten arrived on the scene and arrested Dials for public intoxication. Dials told Witten he had bought the pills from Gar Maynard, a pawn shop employee. When Dials gave Maynard $460, he explained, Maynard walked to the back of the store and returned with the goods.

With this information in hand, Witten secured a warrant to search the pawn shop. There police found 21 hydrocodone pills in a plastic bag, 7 other pills in the bathroom trash can, over $20,000, and a stolen gun. Witten arrested Joe and Linda for possessing and trafficking controlled substances. A grand jury indicted Joe on the trafficking charge, but the parties later agreed to dismiss the case. The grand jury returned a no true bill as to Linda, and the parties agreed to dismiss her case.

The Evanses filed this § 1983 action against Kirk and Witten, alleging that they violated the Fourth (and Fourteenth) Amendment by unreasonably searching the pawn shop, arresting them without probable cause, and maliciously prosecuting them. The district court granted the officers' motion for summary judgment.

On appeal, the Evanses focus on the malicious prosecution claim. The rules of the road for this claim are straightforward. The officers are entitled to qualified immunity unless they violated the Evanses' clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[O]nly when his deliberate or reckless falsehoods" lead to a prosecution without probable cause may an officer be held liable for malicious prosecution under the Fourth Amendment. *Newman v. Township of Hamburg*, 773 F.3d 769, 771–72 (6th Cir. 2014). The officer must have

"made, influenced, or participated in" the prosecution decision, *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015), which requires active involvement or affirmative aid, *Sykes v. Anderson*, 625 F.3d 294, 308 n.5 (6th Cir. 2010).

The Evanses lack proof that the officers maliciously prosecuted them. Start with Officer Kirk. No evidence shows that he made any false statements related to the plaintiffs. At most he played a passive role in the case after Dials handed him the oxycodone and suboxone.

What about Officer Witten? No evidence shows that he made any false statements that affected the decision to prosecute Joe or Linda. Witten apparently testified in front of Joe's grand jury, but the Evanses have not identified any false statements he made there. Perhaps most importantly, the Evanses do not dispute the authenticity or reliability of any of the evidence the officers found while searching the pawn shop, which formed the basis for the prosecutions.

Hold on, the Evanses urge: Witten misled the official who issued the search warrant by failing to note Dials's intoxicated status and lack of reliability as an informant in the warrant affidavit. Even assuming that amounts to a reckless falsehood, a point we need not decide, it makes no difference to this claim. To prove malicious prosecution (as opposed to an illegal search or false arrest), the Evanses must show that Witten's statements played a part beyond the search of the pawn shop or even their initial arrest. *See Sykes*, 625 F.3d at 316; *see also Gardner v. Evans*, 920 F.3d 1038, 1065 (6th Cir. 2019). They haven't. The statements in question may bear on the reliability of the information supporting the search warrant. But there's no evidence they played a part in the decision to prosecute Joe and Linda for the controlled substances found in the shop.

We affirm.