NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0466n.06
No. 21-5229

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CHELSEY LEE,

       Plaintiff-Appellant,

v.

STUART COLWELL,

       Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

FILED
Oct 13, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Chelsey Lee sued Stuart Colwell, a Warren County police officer, alleging that Colwell violated her rights under the Fourth Amendment and Tennessee law. The district court granted summary judgment to Colwell. We affirm.

We view the evidentiary record in the light most favorable to Lee. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). Late one evening, Lee walked into the Warren County Sheriff's Department to file an incident report and to seek an order of protection against her child's father, Chris McCormick. She met with Deputy Matthew Brown, who noted that Lee had come to the police station to make "a report about her 1 year old daughter being abused." Lee told Brown that, earlier that evening, her daughter had returned from McCormick's house with a swollen eye and smelling of animal urine. Lee then showed Brown two photos, one of her daughter's swollen eye and another of a bruise on the child's forehead. At the end of their meeting, Brown summarized Lee's complaints, listed the "incident offense" as "child abuse," named the

"suspect" as "Christopher Alan McCormick," and referred the report to the Department of Children's Services (DCS) for further investigation.

The next day, the District Attorney assigned Officer Stuart Colwell to investigate the case along with a DCS worker, Mickie Gardenhire. The investigators' first stop was Lee's home. Lee's boyfriend, Todd Smith, answered the door, so Colwell and Gardenhire interviewed him about the allegations that Lee had made against McCormick. When asked about the child's swollen eye, Smith said that the child had previously contracted pinkeye and that she had been prescribed an antibiotic and eye drops for treatment. He added that "lying is [Lee's] nature," telling the investigators that Lee would lie to get McCormick in trouble and that, "if she tells you the sky is blue, you better look up."

Eventually, Lee arrived at the house. She admitted that her daughter had been prescribed eye drops for pinkeye and stye infections, but again claimed that her daughter had smelled like "cat piss" when she came back from McCormick's house. Lee brought Colwell and Gardenhire the child's clothes so that they could smell for themselves. Colwell did not smell anything on the clothes, but Gardenhire said they smelled like a soaked diaper. At one point, Colwell asked Lee whether she thought McCormick was "abusive" toward their daughter; she replied, "I feel like he is[.]"

Colwell and Gardenhire later interviewed the child's babysitter and then McCormick himself. The babysitter said she had no reason to think that McCormick was abusing the child. She added that Lee was always causing problems for McCormick. McCormick, for his part, denied hurting his daughter. He explained that the child had fallen and bruised her head, and that Lee had not given him the eye drops to treat her eye infections. He also claimed that Lee had been pressuring him to give up his parental rights so that she could move out of state with their daughter.

After all these interviews, Gardenhire told Colwell she thought that Lee's report of abuse was false and that the referral was "bogus." Meanwhile, another officer told Colwell that Lee had called 911 before her daughter returned from McCormick's. During the call, Lee had asked for a restraining order against McCormick and said that "she would be glad to spend the rest of her life in prison with a smile on her face knowing she took [McCormick] off the face of the earth."

Colwell submitted his findings to the Warren County District Attorney's Office, where an assistant district attorney prepared an affidavit for Lee's arrest, which Colwell signed. A judicial commissioner found probable cause for the offense of "false reporting of child abuse," *see* Tenn. Code Ann. § 37-1-413, and Lee was arrested that same day. But a grand jury later found that the government lacked evidence to prosecute her, so the charge was dropped. Lee thereafter brought this suit against Colwell, asserting a malicious-prosecution claim under 42 U.S.C. § 1983 and a parallel claim under state law. The district court granted summary judgment to Colwell. We review that decision de novo. *See Fox v. Amazon.com, Inc.*, 930 F.3d 415, 421 (6th Cir. 2019).

A police officer violates a suspect's Fourth Amendment right to freedom from malicious prosecution "only when his deliberate or reckless falsehoods result in an arrest and prosecution without probable cause." *Newman v. Twp. of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014). Here, the district court broomed Lee's claim on the ground that no reasonable juror could find that Colwell made any deliberate or reckless falsehood in his affidavit. We agree with that conclusion.

In his affidavit, Colwell stated, "while the facts in [Lee's] affidavit are not false, Lee knew that [they] were from a medical condition and not abuse as alleged." The incident report alone supports Colwell's statement. Colwell was not in the room when Lee met with Brown to make her initial report, so he could not have known what, exactly, she said during that meeting. But Colwell knew, after reading the report, that Lee had complained to Brown about her daughter

-3-

"being abused." He also knew that Brown listed the incident offense as "child abuse" and the suspect as "Christopher Alan McCormick." And Colwell knew that Lee had shown Brown a photo of her daughter's swollen eye but that she did not mention that the child had an eye infection, even though (as Smith later told Colwell) Lee knew that pinkeye might have caused the swelling. Colwell's later interview with Lee—during which she told him she thought McCormick was "abusive" toward their daughter—would have only solidified Colwell's view of her allegations. Colwell therefore reached a reasonable conclusion: Lee was alleging that McCormick had abused their daughter. Lee counters that her allegations against McCormick were true. But they were also misleading; and we cannot infer that Colwell stated a deliberate or reckless falsehood simply because he followed the path that Lee had all but paved. Lee therefore lacked evidence giving rise to a genuine issue as to this element of her claim. Indeed, Lee makes no real argument to the contrary; and she makes no argument at all in support of her parallel state-law claim.

The district court's judgment is affirmed.