*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0049P (6th Cir.)
File Name: 00a0049p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

HON. DAVID F. BRECK; HON.
WILLIAM LUCAS; HON.
CLAYTON E. PREISEL; HON.
MICHAEL SCHWARTZ; HON.
GEORGE E. MONTGOMERY,
    *Plaintiffs-Appellants,*

       *v.*

STATE OF MICHIGAN;
MICHIGAN DEPARTMENT OF
STATE; MICHIGAN BUREAU OF
ELECTIONS; CANDICE MILLER,
Secretary of State, Chief
Elections Officer; MARLENE
M. BRUNS, Clerk for the
County of Lapeer,
    *Defendants-Appellees.*

No. 99-1628

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-74677—John Feikens, District Judge.

Argued: January 25, 2000

Decided and Filed: February 10, 2000

1

Before: NELSON, SUHRHEINRICH, and GILMAN,
Circuit Judges.

———————————

**COUNSEL**

———————————

**ARGUED:** Michael J. Lebow, LEBOW & TOBIN, Farmington Hills, Michigan, for Appellants. Katherine C. Galvin, OFFICE OF THE ATTORNEY GENERAL, PUBLIC EMPLOYMENT AND ELECTIONS DIVISION, Lansing, Michigan, for Appellees. **ON BRIEF:** Michael J. Lebow, LEBOW & TOBIN, Farmington Hills, Michigan, Mayer B. Morganroth, MORGANROTH & MORGANROTH, Southfield, Michigan, for Appellants. Marcelyn A. Stepanski, S. Randall Field, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, Farmington Hills, Michigan, for Appellees. Paul W. Cousino, Mt. Clemens, Michigan, for Amicus Curiae.

———————————

**OPINION**

———————————

SUHRHEINRICH, Circuit Judge. Plaintiffs, five Michigan state judges, appeal a summary judgment for Defendants, State of Michigan and various state agents, on Plaintiffs' federal equal protection challenge to state laws that render them ineligible for re-election because of their age.

## I. BACKGROUND

Plaintiffs-Appellants are several State of Michigan circuit and probate judges contemplating re-election who will be seventy years old on the election days for the judicial offices that they seek. Plaintiffs are Judges David F. Beck, William Lucas, Clayton E. Preisel, Michael Schwartz, and George E. Montgomery. Defendants-Appellees are the State of Michigan, Michigan Department of State, Michigan Bureau of Elections, Secretary of State Candice S. Miller, and

Marlene M. Bruns, County Clerk for the County of Lapeer. Individual Defendants are variously involved in maintaining and implementing state laws that render Plaintiffs ineligible because of their age to stand for election to judicial office.

The State of Michigan does not require its judges to retire at a certain age. Rather, the Michigan State Constitution renders ineligible for election to a judicial office anyone who is at least seventy years old on the election day for that judicial office: "Justices and judges of courts of record must be persons who are licensed to practice law in this state. No person shall be elected or appointed to a judicial office after reaching the age of 70 years." Mich. Const. art. 6, § 19. One implementing statute denies eligibility to the office of circuit court judge to anyone older than sixty-nine on the day of election:

> A person shall not be eligible to the office of judge of the circuit court unless the person is a qualified elector of the judicial circuit in which election is sought, as provided in section 11 of article 6 of the state constitution of 1963, is licensed to practice law in this state, and, at the time of election, is less than 70 years of age.

Mich. Comp. Laws § 168.411 ("§ 411"). A similar statute applies to probate court judges. *See* Mich. Comp. Laws § 168.431 ("§ 431"). The judicial terms for Michigan circuit and probate judges are six years. *See* Mich. Comp. Laws §§ 168.419 (circuit judges), 168.439 (probate judges).

Essentially, Michigan law creates two categories of seventy to seventy-six year old people based on the relation of their birthdays to the day of election. A successful judicial candidate who becomes seventy years old after the election day could possibly serve until he or she becomes seventy-six years old. However, a person who is seventy years old on the election day for a judicial office is simply ineligible for election to that judicial office. Plaintiffs sued because they will be seventy years old on election day and, therefore, ineligible.

Plaintiffs requested a declaratory judgment that section 19 of article 6 of the Michigan Constitution of 1963 and sections 411 and 431 of the Michigan Compiled Laws are unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1, cl. 2. Plaintiffs claim that the constitutional and statutory age restrictions are not rationally related to the goal of preserving judicial competence by eliminating judges who are over sixty-nine years old.

After the parties filed cross motions for summary judgment, the district court granted summary judgment to Defendants. The district court reasoned that the challenged state laws did not violate the Plaintiffs' rights to equal protection because the laws were rationally related to legitimate state objectives of preserving judicial competency and enhancing administrative efficiency by reducing the disruption of mid-term judicial vacancies (assuming the existence of a mandatory age retirement alternative) and promoting the electorate's preferences by reducing the need for partisan gubernatorial appointments.

## II. DISCUSSION

Plaintiffs concede that preserving the competency of the judiciary by eliminating older judges may be a legitimate goal of the state. However, they contend that the laws are not rationally related to this goal because they eliminate only those people who turn seventy on or before the election but not those who are sixty-nine or younger on the election day and could possibly serve until they are seventy-six years old.

Defendants respond that Michigan's age-eligibility election laws are sufficiently related to preserving judicial competency because under rational basis review the Equal Protection Clause does not require absolute precision in classifying otherwise similarly situated groups where distinctions are

we are especially reluctant to question the exercise of congressional judgment.

*Id.* at 83-84. *See also Zielasko*, 873 F.2d at 961-62.

For analysis of the present case, we assume, but do not assess or necessarily endorse, the wisdom of the State of Michigan in attempting to promote the competency of its judiciary by eliminating candidates who are over sixty-nine years old. We also recognize that the election eligibility laws are not precisely or evenly tailored to eliminate such judges. Nevertheless, we find that the election eligibility laws are rationally related to preserving the competency of the judiciary.

Even if the election eligibility laws were insufficiently related to preserving the competency of the judiciary, the laws are rationally related to other state purposes such as promoting judicial efficiency and reducing partisan appointments of judges. Disqualifying judicial candidates over sixty-nine years of age promotes judicial efficiency by avoiding the disruption in litigation from reassigning cases because of mid-term judicial vacancies, assuming an alternate mandatory age-retirement scheme. Further, the laws also avoid the additional cost of conducting special judicial elections. Moreover, limiting candidates to those who are able to serve an entire term, again assuming alternative mandatory age retirement, furthers the electorate's choice of its judges by reducing the necessity of filling mid-term judicial vacancies from mandatory retirements with partisan gubernatorial appointments. *See* Mich. Comp. Laws §§ 168.404, 168.409j, 168.424, 168.444, 168.467m. Because the election eligibility laws are rationally related to these objectives, the laws do not violate Plaintiffs' rights to equal protection.

## III. CONCLUSION

Accordingly, we **AFFIRM** the district court's grant of summary judgment to Defendants.

because the classifications made by its laws are imperfect" (quoting *Murgia*, 427 U.S. at 316, in turn quoting *Dandridge v. Williams,* 397 U.S. 471, 485 (1970))). In *Murgia,* the Court applied rational basis scrutiny and upheld the mandatory retirement of state police officers at age fifty over an equal protection challenge. The Court commented "that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary." *Murgia,* 427 U.S. at 314 (citing *Dandridge,* 397 U.S. at 485). In *Vance,* 440 U.S. at 109, the Court again applied rational basis scrutiny and upheld mandatory retirement for federal Foreign Service employees over an equal protection challenge. The *Vance* Court acknowledged and accepted some imprecision in the classification:

> Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by Congress imperfect, it is nevertheless the rule that in a case like this "perfection is by no means required." The provision "does not offend the Constitution simply because the classification is not made with mathematical nicety . . . .'"

*Vance,* 440 U.S. at 108 (citations omitted).

Further, the Supreme Court has recognized and accepted that some classifications have unnecessary and harsh results. In *Matthews v. Diaz,* 426 U.S. 67 (1976), aliens were denied federal aid because they did not satisfy a residency requirement. The Court upheld the eligibility requirements:

> [I]t remains true that some line is essential, that any line must produce some harsh and apparently arbitrary consequences . . . . The task of classifying persons . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of that line; the differences between the eligible and ineligible are differences in degree rather than differences in the character of their respective claims. When this kind of policy choice must be made,

warranted. Defendants also maintain that the age-eligibility election laws are rationally related to other legitimate state goals, such as promoting administrative efficiency by eliminating the disruption of mid-term vacancies (assuming an alternate mandatory age retirement scheme) and advancing the voters' choice of judicial candidates by reducing the opportunity for mid-term gubernatorial appointments.

This Court reviews *de novo* a trial court's grant of summary judgment. *See Brooks v. American Broadcast Cos.,* 932 F. 2d 495, 500 (6th Cir. 1991). Summary judgment may be granted if there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. *See Maddox v. University of Tennessee,* 62 F.3d 843, 854 (6th Cir. 1995). We agree with the Defendants and affirm the decision of the district court for the following reasons.

Rational basis scrutiny applies to equal protection challenges to mandatory age-retirement statutes. *See Gregory v. Ashcroft,* 501 U.S. 452 (1991). In *Gregory*, the plaintiffs, state judges, challenged the Missouri Constitution's mandatory retirement provision for judges at age seventy. After litigation in the Missouri state courts, the United States Supreme Court applied rational basis scrutiny and found that the Missouri Constitution did not violate the Equal Protection Clause. The Supreme Court applied rational basis scrutiny because age is not a suspect classification under the Equal Protection Clause and because candidacy for judicial office does not implicate any fundamental right. *See id.* at 470.

The Sixth Circuit addressed a case very similar to the present case and also applied the rational basis test. *See Zielasko v. State of Ohio,* 873 F.2d 957 (6th Cir. 1989). In *Zielasko,* the Ohio Constitution prohibited people over sixty-nine years old from standing for election to judicial office. This Court applied rational basis scrutiny:

> [T]he threshold question in deciding an equal protection claim is to decide the appropriate level of scrutiny to apply to the restriction or classification at issue. In most cases distinctions and classifications "need only be drawn

in such a manner as to bear some rational relationship to a legitimate state end."  Departure from this rational relationship test is permitted "only when the challenged statute places burdens upon 'suspect classes' of persons or on a constitutional right that is deemed to be 'fundamental.'"  In such an instance courts are to apply strict scrutiny, that is, "'scrutiny' more vigorous than that which the traditional principles would require."  The district court correctly found that the rational relationship test was applicable to this case because age is not a "suspect" classification, and because, contrary to Zielasko and Bowman's assertions, running for office is not a "fundamental right."

*Id.* at 959 (citations omitted).  The present case involves both candidacy for judicial office and a candidate's age. Accordingly, we will apply rational basis scrutiny to Plaintiffs' equal protection claim.

Rational basis scrutiny, a deferential review, only requires a state of facts that provide a conceivable basis for the classification. *See Allied Stores v. Bowers,* 358 U.S. 522, 530 (1959).  To withstand constitutional review, the classification simply must be rationally related to the goal or purpose of the classification. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464 (1981).  Rational basis review does not assess the wisdom of the challenged regulation. *See Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 316 (1976) (noting that the Court did not assess the wisdom of requiring police officers to retire at age fifty-five); *see also Stiles v. Blunt,* 912 F.2d 260, 267 (8th Cir. 1990) (applying rational basis review to Missouri's minimum age requirement for state legislative office while withholding the court's own evaluation of the law's wisdom).  Further, whether the identified legitimate state interests were actually considered in establishing the prohibition is irrelevant. *See Flemming v. Nestor,* 363 U.S. 603, 612 (1960); *Zielasko*, 873 F.2d at 961. Likewise, whether a legislature "was unwise in not choosing a means more precisely related to its primary purpose is

irrelevant."  *See Vance v. Bradley,* 440 U.S. 93, 109 (1979) *(*citing *Califano v. Jobst,* 434 U.S. 47, 56-58 (1977)).

In *Gregory,* the Supreme Court recognized any one of the following objectives as a sufficient rational basis to sustain a mandatory retirement provision for judges against an equal protection challenge: (1) avoiding tedious and difficult individualized review of physical and mental qualifications; (2) increasing opportunity for judicial office and orderly attrition through retirement; and (3) promoting predictability and ease in administration of pension plans. *See Gregory,* 501 U.S. at 471-72.

In applying rational basis scrutiny in *Zielasko*, this Court recognized mandatory retirement as rationally related to several legitimate state interests such as creating openings for younger judges, easing court dockets by creating a pool of part-time judges, and reducing age-related incompetence of some older judges. *See Zielasko*, 873 F.2d at 961 (citing *State ex rel. Keefe v. Eyrich,* 489 N.E.2d 259 (Ohio 1986)).

In the present case, Defendants simply must show that the age limitation on election eligibility is rationally related to a legitimate public purpose.  Plaintiffs argue that the age-eligibility election laws violate the Equal Protection Clause because they are not rationally related to the state's interest in preserving judicial competency by eliminating candidates who are over sixty-nine years old.  Clearly, the laws only prohibit the election of people who are already seventy but do not prohibit the election of candidates who are sixty-nine or younger and might serve until they are seventy to seventy-six years old.  Nevertheless, Plaintiffs' arguments are not persuasive for several reasons.

The age-eligibility election laws are sufficiently rationally related to preserving the competency of the Michigan judiciary.  Rational basis scrutiny of an equal protection challenge tolerates some imprecision in classifying otherwise similarly situated people where a state has determined that some distinction is warranted. *See Gregory,* 501 U.S. at 473 (a state "does not violate the Equal Protection Clause merely