Rodney G. HAWORTH, Plaintiff–
Appellant,

v.

OFFICE OF PERSONNEL MANAGE-
MENT, Defendant–Appellee.

No. 03–4280.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

Rehearing Denied Oct. 15, 2004.

Rodney G. Haworth, Cincinnati, OH, pro se.

Gerald F. Kaminski, James M. Coombe, U.S. Attorney's Office Southern District of Ohio, Cincinnati, OH, for Defendant–Appellee.

Before KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

## ORDER

Rodney G. Haworth, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his complaint brought under federal question jurisdiction, 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this lawsuit are adequately set forth in the magistrate judge's report and recommendation and district court's order and will not be repeated herein. Suffice it to say that Haworth at age 55 retired from his position as an administrative law judge (ALJ) with the Social Security Administration (SSA) after thirty years of credited federal service and immediately began to receive a retirement annuity. On June 1, 1993, Haworth was reappointed as an ALJ with the SSA as an "intermittent employee," and received annual appointments as an intermittent employee through June 5, 1997. He filed a complaint on October 2, 2002, against the Office of Personnel Management (OPM) claiming that he is entitled to full pay and benefits during the period of his intermittent employment as an ALJ and/or the amount of the offset did not account for his after-tax contributions to the retirement fund. Although not specifically alleged in his complaint, Haworth claims in his papers that the offset provision of 5 U.S.C. § 8344(a) violates the Equal Protection Clause and the Age Discrimination in Employment Act (ADEA).

The OPM filed a motion to dismiss or, in the alternative, motion for summary judgment on res judicata or collateral estoppel grounds. The OPM also argued that the district court lacked subject matter jurisdiction over Haworth's claims for benefits. The matter was referred to a magistrate judge who issued a report recommending that OPM's motion be granted. The magistrate judge found that the district court lacked jurisdiction over Haworth's claims. To the extent that Haworth challenged the constitutionality of § 8344(a), the magistrate judge found that Haworth's sole avenue of relief was through the Merit Sys-

tems Protection Board. The magistrate judge further found that to the extent Haworth claimed that § 8344(a) violates the ADEA, the court was without subject matter jurisdiction because Haworth failed to give the Equal Employment Opportunity Commission (EEOC) notice of his intent to sue before filing this lawsuit, as federal employees are required to do under 29 U.S.C. § 633a(d). The district court adopted the magistrate judge's report and recommendation over Haworth's objections. This timely appeal followed

Generally, we review de novo a district court judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). Similarly, we review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1239–40 (6th Cir.1993). We must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.* at 1240.

On appeal, Haworth concedes that the failure to give notice to the EEOC thirty days prior to filing the suit precludes the ADEA argument. Additionally, he does not address the district court's finding that res judicata precludes his claims that he was improperly classified as an intermittent employee and the pay and other benefit issues that come from the classification. Therefore, these issues are considered abandoned and will not be reviewed. *See Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876,

881 (6th Cir.1996). Haworth raises only the constitutional argument on appeal.

■ Upon review, we conclude that the district court properly found that Haworth's constitutional claim was precluded by the Civil Service Reform Act, 5 U.S.C. § 2301 et seq., which provides the sole avenue of redress for personnel actions affecting federal employees. *See United States v. Fausto,* 484 U.S. 439, 443, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Jones v. TVA,* 948 F.2d 258, 262 (6th Cir.1991).

■ Upon further review, we conclude that the district court correctly held that even if Haworth's equal protection claim was properly before the court, it is without merit. Haworth's equal protection claim alleges that § 8344(a) creates an invidious classification on the basis of age. However, as correctly pointed out by the district court, age is not a suspect class. *See Gregory v. Ashcroft,* 501 U.S. 452, 470, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991). Therefore, a governmental classification based on age need only satisfy rational basis scrutiny, *i.e.,* the classification must be reasonably related to a conceivable goal or purpose of the classification. *Id.; Breck v. Michigan,* 203 F.3d 392, 396 (6th Cir.2000). As pointed out by the district court, the purpose of § 8344(a) is to prevent retired federal employees from "double-dipping," *i.e.,* receiving full retirement benefits and full regular wages at the same time. Protecting the public fisc by enacting laws against double-dipping by retired employees is a rational legislative decision. *See Connolly v. McCall,* 254 F.3d 36, 42–43 (2d Cir.2001).

Haworth also claims that § 8344 is arbitrary and capricious because it fails to provide definitions for full-time or part-time employment. This claim is also without merit for the reasons stated by the district court. First, such definitions are provided in regulations promulgated by

the OPM. *See* 5 C.F.R. § 837.102. Second, as noted above, § 8344 has a rational basis for its enactment. If "any conceivable legitimate governmental interest supports the contested ordinance, that measure is not 'arbitrary and capricious.'" *Sam & Ali, Inc. v. Ohio Dep't of Liquor Control,* 158 F.3d 397, 403 (6th Cir.1998). Because § 8344(a) has a rational basis for its enactment, it is not arbitrary and capricious.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.