RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0097p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

MICHAEL J. THEILE,

　　　　　　　*Plaintiff-Appellant*,

　　　*v.*

STATE OF MICHIGAN; MICHIGAN DEPARTMENT OF
STATE; BUREAU OF ELECTIONS; RUTH JOHNSON,
Secretary of State; DIRECTOR OF MICHIGAN BUREAU
OF ELECTIONS,

　　　　　　　*Defendants-Appellees*.

>　No. 17-2275

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:17-cv-12066—Bernard A. Friedman, District Judge.

Decided and Filed:　May 29, 2018

Before:　MERRITT, WHITE and DONALD, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:**　Michael B. Rizik Jr., RIZIK & RIZIK, Grand Blanc, Michigan, for Appellant.
Denise C. Barton, Adam Fracassi, Kendell S. Asbenson, OFFICE OF THE MICHIGAN
ATTORNEY GENERAL, Lansing, Michigan, for Appellees.

───────────────

**OPINION**

───────────────

　　BERNICE BOUIE DONALD, Circuit Judge.　Plaintiff-Appellant, the Honorable Michael
J. Theile ("Theile"), is a Michigan state-court judge.　In 2020, the year of the next election for
the seat he now holds, Theile will be 71 years of age.　Because the Michigan Constitution and the

relevant Michigan statute prohibit a person who has attained the age of 70 from being elected or appointed to judicial office, Theile will not be eligible to run for re-election.  *See* Mich. Const. art. VI, § 19(3); Mich. Comp. Laws § 168.411.  Asserting that this age limitation under Michigan law violates the Equal Protection Clause of the United States Constitution, Theile asks this Court to dispense with rational-basis review of age-based classifications, and instead adopt intermediate scrutiny—a level of review he contends Michigan's judicial age restriction cannot withstand.  In the alternative, Theile argues that even under rational-basis review, the Michigan age restriction fails to pass constitutional muster.

For the reasons set forth herein, we **AFFIRM** the judgment of the district court granting Defendants-Appellees' motion to dismiss Theile's complaint.

**I**

Theile is a judge in the Family Division of the Genesee County Circuit Court in Michigan.  Theile was appointed to the bench in November 2005, retained his seat by election in 2006, and was re-elected in 2008 and 2014.  The next election for his seat will take place on November 3, 2020.

Under the Michigan Constitution, "[n]o person shall be elected or appointed to a judicial office after reaching the age of 70 years."  Mich. Const. art. VI, § 19(3).  Likewise, the applicable Michigan statute provides, in relevant part, that "[a] person shall not be eligible to the office of judge of the circuit court unless . . . , at the time of election, [the person] is less than 70 years of age."  Mich. Comp. Laws § 168.411(1).  Theile will be 71 years of age on the date of the next election, and is therefore ineligible to run.  Theile declares that, "[i]f allowed by a change in the law, . . . he will run for reelection on November 3, 2020."

On June 26, 2017, Theile filed a single-count complaint in United States District Court for the Eastern District of Michigan, alleging that Michigan's constitutional and statutory age limitation on judges violates the Equal Protection Clause of the United States Constitution.  His complaint named as defendants the State of Michigan; the Michigan Department of State; the Bureau of Elections; Ruth Johnson, Michigan's Secretary of State; and the Director of the Bureau of Elections.  Michigan's judicial age limitation, Theile alleges, discriminates based on a

characteristic that, "like gender, is . . . immutable" and thus "deserves heightened scrutiny." In the alternative, Theile asserts, the age limitation cannot even survive rational basis review, because it is "no longer rationally related to a legitimate government interest."

Thereafter, Defendants-Appellees filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] citing Supreme Court precedent holding that age is not a suspect classification and therefore such classifications are subject to rational-basis review. *See Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 313-14 (1976); *Coleman v. Ct. of Apps. of Md.*, 566 U.S. 30, 64 (2012). Defendants-Appellees further cited *Gregory v. Ashcroft*, 501 U.S. 452, 472-73 (1991), where the Supreme Court upheld a like age limitation, and *Breck v. Michigan*, 203 F.3d 392 (6th Cir. 2000), where this Court upheld the Michigan age restriction at issue here. Theile's response to the motion reasserted and further developed his argument for breaking with *stare decisis*, and reiterated that Michigan's age limitation fails heightened scrutiny, or even rational basis review.[2]

The district court determined that controlling Supreme Court and Sixth Circuit precedent foreclosed Theile's claim. *See Gregory*, 501 U.S. 452; *Breck*, 203 F.3d 392. The precedential cases cited by the district court upheld an indistinguishable Missouri constitutional provision, *Gregory*, 501 U.S. 452, and the Michigan restriction challenged here, *Breck*, 203 F.3d 392. This timely appeal followed.

**II**

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6). *Harkless v. Brunner*, 545 F.3d 445, 449 (6th Cir. 2008). We construe the complaint in the light most favorable to the plaintiff, determining whether the plaintiff "undoubtedly can prove no set of facts in support of the claims that would entitle [her to] relief." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted) (alteration added). We accept as true all factual

---

[1]Defendants-Appellees' motion to dismiss also argued, in the alternative, for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, on the basis that Theile lacks standing. Because the district court did not take up the question, and because Theile's claim can be resolved under *stare decisis* and Rule 12(b)(6), this opinion does not address the matter of standing.

[2]Theile also filed a countermotion for summary judgment. The district court did not consider it, and neither does this opinion.

allegations, but not "legal conclusions or unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## III

It is undisputed by the parties that age classifications are generally subject to rational-basis review. (Appellant's Br.[3] at 4-5, 7-23; Appellee's Br. at 6). That standard places a heavy burden on Theile to "show there is *no rational basis*" for the classification; by the same token, Defendants "need not offer any rational basis so long as this Court can conceive of one." *Ziss Bros. Constr. Co. v. City of Independence*, *Ohio*, 439 F. App'x 467, 476 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 299 (2006)) (emphasis added).

While not entirely escaping discriminatory treatment, the aged "have not experienced a history of purposeful unequal treatment." *Murgia*, 427 U.S. at 313 (citation omitted). Age, therefore, is not a suspect classification, and "rationality is the proper standard by which to test" an age limitation under the Equal Protection Clause. *Id.* at 312. The Supreme Court has repeatedly reaffirmed the standard. *See, e.g., Vance v. Bradley*, 440 U.S. 93, 96-97 (1979) (holding a statute survives review unless the classification "is so unrelated to . . . any . . . legitimate purpose[] that we can only conclude that the legislature's actions were irrational"); *Kimel v. Fla. Board of Regents*, 528 U.S. 62, 83 (2000) (finding age classifications "rationally related to a legitimate state interest" do not offend the Fourteenth Amendment).

Because the law is concededly settled as to the applicable standard of review, we are called upon to decide whether an exception to the foundational doctrine of *stare decisis*, *Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 202 (1991) (citation omitted), is justified. While *stare decisis* is not an "inexorable command," *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 405-06 (1932) (Brandeis, J., dissenting), and courts on occasion "bow[] to the lessons of experience and the force of better reasoning," *id.* at 407-08, a departure from

---

[3]All references to Appellant's Brief in this opinion are understood to be to Appellant's Corrected Brief.

controlling precedent "demands special justification," *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984) (citation omitted). The bar is high indeed: the "governing decision[]" must be shown to be "unworkable or . . . badly reasoned." *See Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

In arguing for breaking with precedent as to the applicable standard of review, Theile posits the "similar[ity]" of "stereotyping and discrimination" directed at women and older persons. (Appellant's Br. at 16). However, Theile points to no supporting authority in case law, even the persuasive authority of a dissent. Rather, he simply states that "[t]he present case is more like those in which the middle level of scrutiny developed over time." (*Id.* at 12). That bare assertion simply assumes, rather than demonstrates, the thing to be proven—that age classifications warrant heightened scrutiny. Similarly conclusory is Theile's assertion that "females and older people have been and are often treated similarly—as weak, less intelligent, and less capable. Therefore, this court should analyze laws discriminating against them similarly." (*Id.* at 21).

Ultimately, Theile fails to marshal "the most convincing of reasons" showing that adhering to precedent here "puts us on a course that is sure error." *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 362 (2010). This Court will therefore not disturb the settled precedent of the Supreme Court and of the Sixth Circuit mandating rational-basis review for age-based classifications. *See Kimel*, 528 U.S. at 83; *Murgia*, 427 U.S. at 313-14; *Breck*, 203 F.3d at 395.

**IV**

We now turn to the substantive question of whether Michigan's judicial age limitation passes muster under the applicable standard—rational-basis review. Theile argues forcefully that the rule is "capricious, unjustified and irrational." (Appellant's Br. at 23-24). He points out that after mandatory retirement, judges often serve as visiting judges, receivers, arbitrators, and in other important legal roles. (*Id.* at 22). He also notes that Michigan imposes no age limit on its governor or state legislators, and that the United States Supreme Court, the federal judiciary, the Presidency, and Congress have no age limits. (*Id.*). On the basis of these and similar facts, Theile asserts that "[i]f there were any decent rationale to Michigan's age-limiting laws," the

exceptions he alludes to would not exist. (*Id.* at 23). However, that Michigan's legislature and the Congress have not seen fit to impose age restrictions for the offices referred to, does not demonstrate that "no rational basis" can be conceived for the restriction here challenged. *See Ziss Bros.*, 439 F. App'x at 476.

This Court recognizes, as did the district court, Theile's "eloquen[ce]" in arguing against age limitations for judges. Indeed, the district court "did not take issue" with several of Theile's points, among them that federal judges face no age limits, that eighteen states have no mandatory judicial retirement age, and that many U.S. Supreme Court justices serve past the age of 70. One may well sympathize with Theile's assertions that the age 70 limit is "archaic," and that "it is wrong indiscriminately to put people to pasture." (Appellant's Br. at 7). But "[r]ational basis review does not assess the wisdom of the challenged regulation." *Breck*, 203 F.3d at 395 (citing *Murgia*, 427 U.S. at 316). Rather, the scrutiny required here demands no more than "a state of facts that provide a conceivable basis for the classification." *Id.* (citing *Allied Stores of Ohio v. Bowers*, 358 U.S. 522, 530 (1959)).

There is no way around it: this Court has upheld the very age restrictions Theile challenges. *Breck*, 203 F.3d at 397 (finding Michigan's judicial age limitation "rationally related to preserving the competency of the judiciary" and "promoting judicial efficiency and reducing partisan appointments of judges," among other state purposes). This Court is "without power to . . . overrule" *Breck* because the decision of another panel "remains controlling authority" absent an inconsistent decision of the Supreme Court, or a decision of this Court sitting en banc to overrule the prior decision. *Phillip v. United States*, 229 F.3d 550, 552-53 (6th Cir. 2000) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). Neither circumstance has intervened to disturb the precedential force of *Breck*. Equally inescapable is the Supreme Court's upholding of a materially identical age limitation. *Gregory*, 501 U.S. at 471-72 (holding Missouri's judicial age limitation of 70 rationally related to such legitimate purposes as avoiding laborious testing of older judges' physical and mental acuity, promoting orderly attrition of judges, and recognizing that judges' remoteness from public view makes determination of competency, and removal from office, more difficult than for other office-holders).

Theile contends that "the laws and facts have changed so significantly in the decades since these decisions . . . that the[ir] reasoning" is now unsound. (Appellant's Br. at 12). Longer life expectancy, the increased vitality of the elderly, and the other sweeping societal changes Theile points to have unfolded over some hundred years, (*id* at 24-25), but *Gregory* was decided only twenty-seven years ago, and *Breck* a mere eighteen. Those opinions found multiple rational bases for judicial age limitations. While the contrary arguments may have considerable force, we find no basis to conclude that the reasoning of *Gregory* and *Breck* has somehow been overtaken by interceding events and rendered invalid. Those precedents stand, and this Court is bound by them.

**V**

For the foregoing reasons, we **AFFIRM** the judgment of the district court granting Defendants-Appellees' motion to dismiss.