NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

HOJJATALLAH (DAVID) FARAJI,
*Plaintiff/Appellant*,

v.

CITY OF PHOENIX, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 19-0302
FILED 5-12-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2014-053408
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

---

COUNSEL

Hojjatallah (David) Faraji, Phoenix
*Plaintiff/Appellant*

Campbell Yost Clare & Norell, PC, Phoenix
By Margaret F. Dean
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1            Hojjatallah Faraji appeals the superior court's entry of summary judgment for the City of Phoenix ("the City"). We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2            This is the third appeal in this case. We recount only the facts relevant to this appeal, but greater detail is available in *Faraji v. City of Phoenix* (*Faraji I*), 1 CA-CV 15-0308, 2016 WL 2909357 (Ariz. App. May 19, 2016) (mem. decision) and *Faraji v. City of Phoenix* (*Faraji II*), 1 CA-CV 17-0303, 2018 WL 1959470 (Ariz. App. Apr. 26, 2018) (mem. decision).

¶3            Faraji worked as an independent contractor for All-Star Transportation ("All-Star"), which had a contract with the City to provide on-demand limousine service at Phoenix Sky Harbor Airport. This service made limousines available at the airport that could be hired by travelers at a moment's notice. The contract expired in 2014 and was not renewed. This meant that All-Star and Faraji were no longer authorized to provide on-demand limousine service at the airport, leaving no authorized limousine company to fill the void.

¶4            Faraji sued. At issue here is his federal civil rights claim under 42 U.S.C. § 1983. *See Faraji II*, 2018 WL 1959470 at *4, ¶ 20. Faraji asserts that the City violated his constitutional rights by prohibiting him from providing on-demand limousine services at the airport. The superior court dismissed this claim on the City's motion for summary judgment. Faraji timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A).

---

[1]     The City argues certain facts are not properly before this court on appeal, but both parties agree that the material facts are not in dispute. Because the undisputed facts are sufficient to resolve this appeal, there is no need to resolve the City's objections to Faraji's statement of facts.

## DISCUSSION

**¶5** We conduct a *de novo* review of a grant of summary judgment and view the facts in the light most favorable to the nonmoving party. *United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006). Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "To succeed in an action under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under color of law to deprive the plaintiff of a right, privilege or immunity secured by the constitution or laws of the United States." *Tiffany v. Ariz. Interscholastic Ass'n*, 151 Ariz. 134, 136 (App. 1986).

## I. Due Process Claim.

**¶6** Faraji alleges that the City violated both his substantive and procedural due process rights by effectively prohibiting him from continuing to work as an on-demand limousine driver at the airport. Faraji also argues that the City's actions violated A.R.S. § 28-142 and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

**¶7** "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the constitution." *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 568, ¶ 44 (App. 2003) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)). Faraji has not demonstrated that he has a protected liberty or property interest in providing on-demand limousine services at the Phoenix airport.

### A. Liberty Interest.

**¶8** The Fourteenth Amendment recognizes a limited liberty interest for one to choose a "field of private employment," but the limited interest is subject to reasonable government regulation and only prevents the government from completely prohibiting "the right to engage in a calling[.]" *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999). This liberty interest is only implicated when there has been "a complete prohibition on the right to engage in a calling[.]" *Id.* at 292; *see also In re Aubuchon*, 233 Ariz. 62, 73, ¶ 51 (2013).

**¶9** In *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992), the plaintiff alleged that a municipality had arbitrarily adopted a policy "that made his employment at a city marina virtually impossible[,]"

thus violating that plaintiff's liberty interest in his occupation. In evaluating this claim, the court distinguished between "occupational liberty and the right to a specific job." *Id.* at 453, 455. While being denied any employment at a marina was potentially broader than being denied a single job, the court held that "the sphere from which [the plaintiff] was excluded cannot properly be called an 'occupation'[.]" *Id.* at 455. Therefore, the claims raised by the plaintiff did not rise to a deprivation of occupational liberty. *Id.* at 456.

**¶10** As with *Wroblewski*, Faraji does not allege that the City has prevented him from continuing his work as a driver, but only alleges the City has prohibited him from working as an on-demand limousine driver at the Phoenix airport. We cannot say that limiting Faraji from this specific sphere of work amounted to excluding him from an occupation. Faraji remains free to work as a limousine driver generally, but he has no liberty interest in providing such on-demand services at the Phoenix airport.

### B.      Property Interest.

**¶11** The Constitution does not create "[p]rotected property interests," which are instead "defined by existing rules or understandings that stem from an independent source such as state law." *Alpha, L.L.C. v. Dartt*, 232 Ariz. 303, 306, ¶ 12 (App. 2013) (quoting *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)).

**¶12** The record on summary judgment had no evidence to establish a protected right under "existing rules or understandings." Faraji had nothing more than a unilateral expectation or hope to continue providing on-demand limousine services at the airport, and such expectations are insufficient to establish a protected interest. *See Alpha, L.L.C.*, 232 Ariz. at 308, ¶ 23 (noting that unilateral expectations are insufficient to create property interests). Faraji cites no authority which supports his argument. He relies solely on A.R.S. § 28-142, which authorizes the City to "establish the number of […] limousines that may conduct business at a public airport[.]" Faraji claims that the quoted language prohibits the public body from setting that number at zero. This ignores the fact that "zero is a number too." *Farmers Ins. Co. v. Tallsalt*, 192 Ariz. 129, 130, ¶ 6 (1998). As such, Faraji's claim that the City violated A.R.S. § 28-142 is without merit.

**¶13** Because Faraji has failed to articulate any protected liberty or property interest, we affirm the superior court's grant of summary judgment to the City on Faraji's due process claim.

## II.     Equal Protection Claims.

¶14     Faraji also argues that the City's actions violate the equal protection clause of the United States Constitution by unfairly discriminating against on-demand limousine services in favor of on-demand transportation from taxis and other vehicles.  On appeal, he argues that summary judgment was inappropriate because the City has proffered no legitimate basis to discontinue on-demand limousine services at the airport.

¶15     When no fundamental right or suspect class is involved, we apply the rational basis test to evaluate whether government action is constitutional.  *Ariz. Downs v. Ariz. Horsemen's Foundation*, 130 Ariz. 550, 555 (1981).  Under this test, we will uphold the City's decision to disallow on-demand limousine services at the airport if we can "perceive any set of facts which rationally justify [that decision]."  *Id.* at 556.

¶16     We can perceive a rational justification on this record.  For instance, the City may have concluded that stopping on-demand limousine services would decrease traffic at the airport or free-up space for other, more popular, on-demand transportation options.  Faraji argues that the City must proffer a legitimate reason for its action, but under the rational basis test defendants "need not offer any rational basis so long as this Court can conceive of one."  *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) (quotation omitted); *see also Goodyear Farms v. City of Avondale*, 148 Ariz. 216, 219 (1986) ("Under [the] 'rational basis' test, a legislative classification will not be set aside if any set of facts rationally justifying it is demonstrated to or perceived by the courts.").  Under the rational basis test, Faraji's claim fails because it is not difficult to posit a rational reason for the City's action, and therefore we must uphold that action.  *Aida Renta Trust v. Ariz. Dep't of Revenue*, 197 Ariz. 222, 237, ¶ 46 (App. 2000).

¶17     Faraji also invokes 42 U.S.C. § 1981 and claims that the discontinuation of on-demand limo services could potentially be explained by racial animus.  In fairness to Faraji, it appears he cites this statute because the City cited it in its summary judgment briefing.  Faraji also suggests that his state law antitrust claims are properly before us.  But the only claim remaining after *Faraji II* was Faraji's claim under 42 U.S.C. § 1983.  *See Faraji II*, 2018 WL 1959470, at *4, ¶ 20 (reversing "as to Faraji's federal civil rights claim under 42 U.S.C. § 1983[,]" but affirming in all other respects).  As such, both Faraji's § 1981 claim and his state law antitrust claim were completely resolved in *Faraji II* and are not properly before us in this appeal.

¶18 Faraji states that "[t]his case turns on whether the City can say, 'oh, you cannot engage any longer in on-demand service with your limo; but these others can, because, well, they have cabs and vans.'" Because limousines and their drivers are not a protected class, the City can make that distinction. Because "we can imagine [a] set of facts rationally justifying" the City's regulatory decision, we affirm. *General Motors Corp. v. Ariz. Dep't of Revenue*, 189 Ariz. 86, 92-93 (App. 1996), *disapproved on other grounds by Valencia Energy Co. v. Ariz. Dep't of Revenue,* 191 Ariz. 565, 570 (1998).

### III.    Form of Judgment.

¶19 Faraji finally asserts that the superior court's minute entry order and final judgment contain ambiguous procedural defects. We find no defects in the superior court's order or judgment and reject Faraji's argument to the contrary.

### CONCLUSION

¶20 For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA