RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0109p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

ANDRE JOHNSON,

*Plaintiff-Appellee,*

*v.*

No. 14-5870

JEREMY MOSELEY and LAURA THOMAS,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville
No. 3:13-cv-01123—Kevin H. Sharp, Chief District Judge.

Decided and Filed: June 2, 2015

Before: DAUGHTREY, McKEAGUE and STRANCH, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Keli J. Oliver, Derrick C. Smith, DEPARTMENT OF LAW OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Nashville, Tennessee, for Appellants. Allen Woods, THE LAW OFFICES OF WOODS AND WOODS, Nashville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

McKEAGUE, Circuit Judge. This is an appeal from an interlocutory ruling denying two police officers' motion to dismiss plaintiff's civil rights claim for malicious prosecution. Defendant officers asserted that the claim is barred by qualified immunity because plaintiff's complaint does not include fact allegations of specific conduct plausibly making out a violation

1

of clearly established federal law.  Because we find that the district court's denial of relief was based on an overly charitable reading of plaintiff's complaint, we reverse.

**I**

Plaintiff Andre Johnson is a former officer in the Metropolitan Nashville Police Department.  In October 2012, he was twice arrested based on domestic violence complaints by his now-estranged wife, Terri L. Smith-Johnson.  The second arrest was made, pursuant to warrant, by fellow Metropolitan Nashville Police Officers Jeremy Moseley and Laura Thomas, defendants-appellants in this case.  In March 2013, Johnson stood trial on the domestic violence charges and was acquitted by the jury.  Johnson subsequently filed this action against his estranged wife, Officers Moseley and Thomas, and the Metropolitan Government of Nashville and Davidson County.

The complaint purports to set forth claims against all four defendants, collectively, for federal civil rights violations based on false arrest and malicious prosecution, as well as state law claims for malicious prosecution and intentional infliction of emotional distress.  Defendant Smith-Johnson has not been served and no appearance has been filed on her behalf.  The other defendants moved for dismissal on the pleadings.  Fed. R. Civ. P. 12(b)(6).  The district court granted the motions to dismiss in part, but denied the officers' motion as to plaintiff's federal and state law claims for malicious prosecution.  On appeal, the officers challenge exclusively the denial of their motion to dismiss the federal claim for malicious prosecution.

The federal claim for malicious prosecution against the officers is based on allegations that Smith-Johnson's medical records contained information inconsistent with details in her domestic violence accusations.  The complaint also cites police department policies that, if heeded by officers conducting a proper investigation, would have disclosed reasons to question the veracity of Smith-Johnson's accusations and question whether there was probable cause to prosecute Johnson on the domestic violence charges.  By nonetheless "pressing" prosecutors to pursue the charges, Officers Moseley and Thomas allegedly participated in malicious prosecution, in violation of Johnson's Fourth Amendment rights.  The district court held the allegations sufficient to withstand the officers' motion to dismiss based, in part, on qualified

immunity.  The district court's ruling, though interlocutory, is subject to immediate review under the collateral order doctrine.  *Moldowan v. City of Warren*, 578 F.3d 351, 369 (6th Cir. 2009).

## II

The district court's rejection of the defendant officers' "qualified immunity defense at the pleading stage, posing a question of law, is reviewed de novo."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  Tested under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiff, fact allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiff.  *Id.*  However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff's obligation to provide the "grounds" for the claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. The factual allegations must "raise a right to relief above the speculative level."  *Id*.  The complaint must state a claim that is plausible on its face.  That is, the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

Moreover, plaintiff's civil rights claim against the individual officers in their individual capacities implicates qualified immunity.  Qualified immunity, if it applies, is a defense not just against liability, but against suit itself.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Hence, insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery.  *Id.*

Qualified immunity ordinarily applies unless the contours of the asserted right were sufficiently clear that every reasonable official would have understood that what he was doing violated that right.  *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).  Qualified immunity "gives ample room for mistaken judgments" by protecting all but the plainly incompetent or

those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). Qualified immunity applies irrespective of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson*, 555 U.S. at 231.

Since the defendant officers have raised the qualified immunity defense, plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). At the pleading stage, this burden is carried by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (observing that "bare allegations . . . should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.")). Plaintiff is thus obliged to plead *facts* that, viewed in the light most favorable to him, make out a violation of a constitutional right so clearly established in a particularized sense that a reasonable officer confronted with the same situation would have known that his conduct violated that right. *al-Kidd*, 131 S. Ct. at 2083–84. Moreover, the allegations must demonstrate that each defendant officer, through his or her own individual actions, *personally* violated plaintiff's rights under clearly established law. *Iqbal*, 556 U.S. at 676; *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014).

### III

Considering the district court's opinion in light of these standards, the errors in its analysis are apparent. While the court acknowledged the governing standards and fairly applied them in dismissing plaintiff's false arrest claim, it did not do so in relation to the malicious prosecution claim.

To state a valid federal civil rights claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "(1) a criminal

prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Robertson*, 753 F.3d at 616.

There is no dispute as to several of these elements. Plaintiff Johnson was undisputedly arrested and prosecuted and acquitted in relation to the domestic violence complaints made by his wife. Also unchallenged is the district court's ruling that the false arrest claims against the defendant officers could not be maintained because they were entitled to rely on the arrest-warrant-issuing judicial officer's determination that there was probable cause to arrest. This ruling having not been challenged on appeal, and plaintiff having not alleged that defendant officers engaged in any misconduct in effecting his arrest, we accept that there was probable cause to arrest and initiate prosecution. We also assume that after his arrest plaintiff was released on bond pending trial and that the conditions of his release represent a sufficient deprivation of his liberty to satisfy the third element. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 493 (6th Cir. 2002).

What remains in question is whether plaintiff has alleged facts giving rise to a reasonable inference that either of the defendant officers "influenced or participated" in the prosecutor's decision to continue the prosecution after he or she had knowledge of facts that would have led any reasonable officer to conclude that probable cause had ceased to exist and that continuing the prosecution would be in violation of plaintiff's clearly established constitutional rights.

The district court answered this question in the affirmative based on three flawed premises. First, the court defined the relevant constitutional right only in a generalized sense, holding that the right to be free from malicious prosecution was clearly established well before 1999. There can be no doubt that the Sixth Circuit recognizes a "constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). "Yet, that is not enough." *Brosseau v. Haugen*, 543 U.S. 194, 198–99 (2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To avoid the qualified immunity defense, plaintiff was

required to plead *facts* making out a violation of a constitutional right clearly established in a "particularized sense." That is, the right said to have been violated must be defined "in light of the specific context of the case, not as a broad general proposition." *Id.* at 198 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Although neither plaintiff nor the district court has defined the right to freedom from malicious prosecution in such a particularized sense, both have relied on our analysis in *Sykes v. Anderson*. Indeed, *Sykes* is instructive. In *Sykes*, we recognized that a showing of "malice" is not necessarily essential to a malicious prosecution claim under the Fourth Amendment. *Sykes*, 625 F.3d at 309–10. But we also observed that the requisite participation in the decision to prosecute after probable cause has ceased to exist must amount to "aiding" the decision in more than a passive or neutral way. *Id.* at 309 n.5. And there must be some element of blameworthiness or culpability in the participation—albeit less than "malice." That is, truthful participation in the prosecution decision is not actionable. *Id.* at 314. The requisite blameworthiness was made out in *Sykes* by evidence that both defendant officers testified for the prosecution and each made false statements, made flagrant misrepresentations, or failed to disclose key items of evidence. *Id.* at 301–02, 306–07, 311–17.

We further clarified the point in *Robertson*, 753 F.3d at 617, holding that even false testimony is not actionable as malicious prosecution unless deliberate—i.e., given with knowledge of, or reckless disregard for, its falsity. "Allegations of negligence or innocent mistake are insufficient." *Id.* at 617 n.7 (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Even more recently, the rule was succinctly stated in *Newman v. Township of Hamburg*, 773 F.3d 769 (6th Cir. 2014). A police officer violates a suspect's clearly established right to freedom from malicious prosecution under the Fourth Amendment "only when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause." *Id.* at 772. Again, we see that a defendant's participation must be marked by some kind of blameworthiness, something beyond mere negligence or innocent mistake, to satisfy the elements of a malicious prosecution claim under the Fourth Amendment.

If plaintiff's allegations are evaluated in light of this clearly established law, they clearly fail to pass muster. Plaintiff has not alleged that Moseley or Thomas participated in the

investigation after his arrest. He has not alleged that Moseley or Thomas actually knew of grounds to question probable cause after the arrest. He has not alleged that Moseley or Thomas testified for the prosecution at any stage, much less that either of them testified falsely or recklessly. He has not alleged that Moseley or Thomas "pressed" for prosecution in any non-neutral or blameworthy way. The district court nonetheless found plaintiff's allegations sufficient partly because it erroneously viewed the clearly established law only in a generalized sense.

Second, the district court deemed allegations of inconsistencies in Smith-Johnson's domestic assault accusations sufficient to justify a reasonable inference that probable cause to continue the prosecution had ceased to exist when the defendant officers allegedly "pressed" for prosecution. The alleged inconsistencies, viewed in the light most favorable to plaintiff, give cause to question the accuracy of Smith-Johnson's complaints and even question her credibility. Yet, inasmuch as she persisted in her accusations that Johnson twice assaulted her to the extent of testifying under oath in trial, the alleged inconsistencies cannot reasonably be deemed to compel the conclusion that probable cause had ceased to exist. "Probable cause exists if the facts and circumstances *known* to the officer warrant a prudent man in believing that the offense has been committed." *Id*. (quoting *Henry v. United States*, 361 U.S. 98, 102 (1959) (emphasis added)). The fact that the jury did not consider Smith-Johnson's testimony sufficiently persuasive to find Johnson guilty of domestic assault beyond a reasonable doubt does not establish that probable cause was lacking when the trial began. *See id.* at 773 ("Because there is no requirement that the defendant to a malicious prosecution charge must have evidence that will ensure a conviction, not every failed criminal prosecution will sustain a subsequent malicious-prosecution suit." (quoting *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005))).

Further, plaintiff has not alleged that either Moseley or Thomas was personally involved in the post-arrest investigation or that either of them actually "knew" of reasons to doubt or question Smith-Johnson's accusations. Rather, the complaint alleges essentially that "defendants," collectively, pursued the prosecution even after the officers should have known, if a proper investigation had been conducted, reasons to question the accuracy or veracity of Smith-Johnson's accusations. This "should have known" allegation, implying that Moseley and/or

Thomas failed to conduct a proper investigation, amounts to no more than a charge of negligence or innocent mistake, not the sort of "deliberate or reckless falsehood" or otherwise blameworthy conduct required to make out a valid malicious prosecution claim. *See Newman*, 773 F.3d at 772 (noting that a showing of negligence or lack of attention to detail does not amount to malicious prosecution).[1] The complaint does not even allege that Smith-Johnson's accusations were false, much less that Moseley or Thomas participated in the prosecution in any false or misleading way. Similarly insufficient is plaintiff's allegation that defendants "instigated or participated in" or "pressed" the prosecution. Again, absent allegation of blameworthy conduct, such "neutral" participation is insufficient to sustain a facially valid malicious prosecution claim.

Third, although the district court noted that plaintiff's allegations lacked details, it accepted them as sufficient to meet the notice pleading requirements of Rule 8(a) and warrant further discovery proceedings. Fed. R. Civ. P. 8(a). Despite the insufficiency of plaintiff's allegations, the court withheld dismissal based on the possibility that discovery might disclose specific facts substantiating the claim. This ignores the fact that plaintiff, having sued defendant officers for violation of his civil rights, to overcome their assertion of qualified immunity, was obliged to allege facts describing how each defendant's conduct violated a federally protected right under clearly established law. *Iqbal*, 556 U.S. at 684–86; *Rondigo*, 641 F.3d at 681. Because, as explained above, plaintiff's complaint does not set forth facts meeting this requirement, the claim is subject to dismissal.

To be clear, we are not enforcing a "heightened pleading requirement" that would run afoul of *Crawford-El v. Britton*, 523 U.S. 574 (1998); s*ee Goad v. Mitchell*, 297 F.3d 497, 501–04 (6th Cir. 2002). Rather, consistent with *Crawford-El*'s admonition that "firm application of the Federal Rules of Civil Procedure is fully warranted" where qualified immunity is asserted, we enforce the non-controversial requirement that plaintiff "put forward specific, nonconclusory factual allegations" establishing a cognizable injury in order to withstand a prediscovery motion to dismiss. *Id.* at 503–04 (quoting *Crawford-El*, 523 U.S. at 597–98). The district court's ruling that plaintiff is entitled to discovery notwithstanding his conclusory allegations flies in the face

---

[1]Moreover, even if the complaint were construed as alleging that the defendant officers knew of the inconsistencies, it would still fall short. As indicated, the alleged inconsistencies weaken the probable cause showing; they do not necessarily defeat it.

of qualified immunity's purpose of resolving insubstantial claims as early as possible so as to avoid unnecessarily subjecting government officials to the disruptive burdens of litigation. *See Mitchell*, 472 U.S. at 525–26; *Goad*, 297 F.3d at 503–05.

The court's ruling, allowing plaintiff to conduct discovery that *may* uncover substantiating facts, also undercuts counsel's Rule 11 obligation to conduct a reasonable investigation and uncover evidentiary support for fact allegations *before* filing the complaint. Fed. R. Civ. P. 11(b)(3). Had counsel undertaken such an investigation and uncovered facts facially substantiating the malicious prosecution claims—facts inadvertently omitted from the original complaint—counsel would naturally have moved the district court for leave to amend the complaint so as to augment the allegations. That counsel made no such motion is telling. And no less telling is it that plaintiff's appellate briefing is also devoid even of argument attempting to put flesh on his "bare bones" allegations. He maintains simply that his allegations, conclusory though they be, are sufficient. We are not persuaded.

## IV

Accordingly, the district court's denial of the defendant officers' motion to dismiss plaintiff's federal claim for malicious prosecution is **REVERSED**. The case is **REMANDED** for entry of an order dismissing this claim against defendants Moseley and Thomas, and for further proceedings, as appropriate, on plaintiff's state law claim for malicious prosecution against them, as well as on plaintiff's outstanding claims against defendant Smith-Johnson.