**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0640n.06

Case No. 18-1303

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Dec 26, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAWN GREEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CITY OF SOUTHFIELD, MICHIGAN, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; BERTELSMAN, District Judge.[*]

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff-Appellant Dawn Green filed this lawsuit against Defendant-Appellees: (1) the City of Southfield; (2) City Administrator Frederick Zorn; (3) City Attorney Sue Ward; (4) Southfield Police Chief Eric Hawkins; (5) Deputy Chief John Fitzgerald; (6) Sargent Keith Louden; and (7) Officer Rafid Maya. Green's complaint alleges three causes of action under 42 U.S.C. § 1983 (Count I and Count IV as to the individual defendants and Count II as to the City of Southfield) and one count of conspiracy in violation of 42 U.S.C. 1985(3) and 42 U.S.C. 1986 (Count III). The district court granted Defendants' motion to dismiss, finding that: (1) the § 1983 claims are time-barred; (2) Defendants are entitled to qualified immunity because Green has not met her burden of demonstrating—on a defendant-by-

---

[*] The Honorable William, O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

defendant basis—that any individual defendant's alleged conduct constitutes a violation of her clearly established constitutional rights; (3) Green's §1983 claim against the City of Southfield fails because she has no viable constitutional claim against it; and (4) Green's allegation of conspiracy fails because plaintiff cannot establish either of the underlying alleged constitutional violations. Green appeals, asserting that the district court erred in finding that her § 1983 claims are time-barred and that defendants were entitled to qualified immunity. She further asserts that the district court abused its discretion when it dismissed her complaint with prejudice. For the reasons explained below, we AFFIRM the district court's decision.

I.

Green's appeal comes from the second of two federal lawsuits arising from an automobile accident that occurred on October 4, 2012, in Southfield Michigan. The timeline of events is as follows:

On October 4, 2012, Green was involved in a traffic accident with William Patterson while on her way home from work. On October 11, 2012, Green called Defendants to inform them that the accident report incorrectly stated that she ran a red light leading up to the accident and that Douglas Harris, a witness, could verify her account.

On January 30, 2013, Green's attorney delivered a letter requesting the accident report be corrected based upon Harris' testimony, along with Harris' sworn affidavit. In March 2013, Green filed a state-court lawsuit against Patterson, seeking compensation for her injuries sustained in the accident. In May 2013, Green received a letter from Patterson's insurance company denying her claim.

In October 2014, the parties attended a court-ordered facilitation hearing. At the conclusion of the hearing, the insurer offered Green a $95,000.00 settlement, which she accepted. The settlement was completed on November 17, 2014.

On October 1, 2015, Green delivered a citizen complaint addressed to Chief Hawkins and copied to Zorn, alleging bias and racial discrimination based on the manner in which the investigation and follow-up investigation of Plaintiff's traffic accident were carried out. On October 3, 2015, Green filed her first federal lawsuit ("Green I"), against the City of Southfield, and six of its officers and employees.

On September 14, 2017, Green filed her second federal lawsuit ("Green II").

On March 7, 2018 the district court granted the Defendants' motion for summary judgment in Green I. On March 8, 2018, the district court dismissed Green's complaint in Green II. On March 19, 2018, Green filed notice of appeal from the court's order dismissing Green II.

## II.

On appeal from a grant of a Rule 12(b)(6) motion, we review the district court's decision de novo, construing the complaint in the light most favorable to the plaintiff. *See Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018); *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007). For a plaintiff's claim to survive a motion to dismiss, the plaintiff must present a facially plausible complaint that asserts more than bare legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When reviewing a plaintiff's claim, we accept as true all factual allegations, but not "legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). A district court's grant of qualified immunity is also

reviewed de novo. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 998 (6th Cir. 1994)).

### III.

First, we affirm the district court's finding that Ms. Green's § 1983 claims are time-barred. In her original complaint, Green alleged three counts (Counts I, II and IV) under § 1983. Because we find that Green's constitutional claims against the individual defendants are untimely, Count II, which was lodged against the City of Southfield, must be dismissed. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983."). As such, we address only Counts I and IV.

In Count I, Green alleges that:

> 82. Defendants are civilly liable to Plaintiff pursuant to the 42 U.S.C. 1983 for (a) failing to properly and fairly investigate the accident because of Plaintiff's race and/or sex; (b) failing to administer police protective and investigative services in a nondiscriminatory manner because of Plaintiff's race and/or sex; (c) engaging in the selective enforcement of traffic laws, because of Plaintiff's race and/or sex; and (d) refusing to investigate Plaintiff's Citizen Complaint because of Plaintiff's race and/or sex.
>
> 83. Defendants showed deliberate indifference to (a) the UD 10 Traffic Crash Report which falsely stated that Plaintiff ran the red light; (b) the treatment of Plaintiff differently than the similarly situated white male driver; (c) the denial of Plaintiff's right to equal administration of police protective and investigative services; and (d) Plaintiff's Citizen Complaint, all because of Plaintiff's race and/or sex.

In Count IV, Green alleges that Officers Maya and Louden's actions in handling Green's case severely prejudiced her ability to obtain a fair and just out-of-court settlement because she lacked credible corroborating eyewitness evidence that would enable to her to prevail on her personal injury action.

In § 1983 actions, federal courts borrow state statutes of limitations to determine the applicable time period in which a plaintiff may bring a claim. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). This claim arose under Michigan law; therefore, Michigan's three-year statute of limitations for personal injury claims applies. Mich. Comp. Laws § 600.5805(2). Federal law, however, governs when the statute of limitations in § 1983 actions begins to run. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). "The statute of limitations commences when the plaintiff knows or has reason to know of her injury which is the basis of her action[;]" a plaintiff has reason to know of her injury when she should have discovered it through the exercise of reasonable diligence. *Id.* at 273.

First, Green contends that her claim under Count I is not time-barred because her injury was due to Defendants' failure to investigate her citizens' complaint and, as such, the statute of limitations could not have begun to run until she filed the complaint on October 1, 2015. In support of her argument, Green cites *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) for the proposition that "this Court has made clear that 1983 liability may be established by defendant's failure to investigate constitutional violations and punish the offending police officers."

Green's argument fails because she confuses the injury in a § 1983 claim with the evidence of that injury. The statute of limitations began to run when Green knew of the injury that formed the basis of her claim. *Sevier*, 742 F.2d at 273. Green's claim under Count I is that she was deprived of her constitutional rights under the Privileges or Immunities Clause. Her alleged injury is a deprivation of her due process rights because the police did not "properly and fairly" investigate her accident based on her race and/or sex. But she knew the accident report was incorrect no later that, October, 11, 2012, when she called Defendants to inform them the report was incorrect. Contrary to Green's analysis of *Marchese*, this Court has recognized that a

defendant's failure to investigate constitutional violations is evidence of said constitutional violation, not a constitutional violation itself. *Marchese*, 785 F.2d at 184 ("The Sheriff's subsequent failure to order and direct an investigation . . . served to confirm the existence of an unstated 'policy' of toleration of illegal brutality toward any county prisoner who had threatened the life of a sheriff's deputy."). As such, the statute of limitations began to run on October 11, 2012, when Green first knew that the accident report was incorrect. She did not file her lawsuit until September 14, 2017, thus, it is barred by the applicable Statute of Limitations.

Even if we assume Green's argument was that the Defendants' refusal to investigate her citizen complaint was a continuing violation, her argument fails because she did not sufficiently plead facts that could give rise to a continuing violation claim. This Court has recognized that "courts view 'continuing violations' as falling within two categories of 'narrowly limited exceptions' to the usual rule that statutes of limitations . . . are triggered at the time the alleged discriminatory acts occurred." *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991). The first category is most applicable to this case. It provides that a continuing violation "arises where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation." *Id.* This category requires a "current" as well as a "continuing" violation. In other words, at least one of the forbidden discriminatory acts must have occurred within the relevant limitations period. *Bazemore v. Friday*, 478 U.S. 385, 394-96 (1986). Thus, limitations periods begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *United Air Lines v. Evans*, 431 U.S. 553, 557 (1977).

Defendants' failure to investigate her citizens' complaint cannot be the foundation underlying a continuing violation claim because a citizen cannot compel the government to

investigate such a matter. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Additionally, Green has not alleged facts to establish that the decision not to investigate was based on her race and/or sex; she has merely stated legal conclusions as to the discrimination. As such, the statute of limitations began to run in October, 2012, and Count I was properly dismissed as time-barred.

Next, Green contends the district court incorrectly held that Count IV is time-barred because the statute of limitations could not begin to run until after she accepted the settlement. In support of her assertion, Green states that "the defendants' 'cover up' of the white male driver's liability severely prejudiced her ability to recover in state court" and that "Defendants' actions forced [her] to accept an "inadequate" settlement[], [which] shows that her access to state court was in fact, not effective and meaningful." Green cites this Court's decision in *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997), to support her argument that she could not file her complaint until the settlement was reached because a plaintiff must present evidence showing that the state court remedy was ineffective *before* a suit can be filed. Because she accepted the settlement on November 17, 2014, Green contends that the three-year limitations period did not expire until November 17, 2017.

Green's argument fails here because it confuses the injury and the claim. The statute of limitations began to run when Green knew of the injury which formed the basis of her action. *Sevier*, 742 F.2d at 273. Green's claim, ultimately, is a denial of her right of access to the courts. The injury that is the basis for her action is not, as she suggests, the "inadequate" settlement, but rather the alleged police cover-up of Patterson's liability. Because the injury was the alleged cover-up of Patterson's liability, which Green was aware of no later than October 11, 2012, when she called Defendants to inform them the accident report was incorrect, the statute of limitations

expired on October 11, 2015. Because Green did not file her complaint until September 14, 2017, Count IV was properly dismissed as time-barred.

IV.

Next, we affirm the district court's determination that Green's claim under Count II should be dismissed because Green has failed to show that each defendant, individually, is not protected under qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity is an affirmative defense; once a defendant raises the defense, "the burden shifts to the plaintiff to demonstrate both that" (1) the defendant's acts violated a constitutional right and (2) the right at issue was clearly established at the time of the defendant's alleged misconduct. *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). To avoid the qualified immunity defense, the plaintiff is required to plead facts demonstrating a violation of a constitutional right that is clearly established in a "particularized sense." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (finding that the right to be free from malicious prosecution, though a clearly established constitutional right, is not sufficiently particularized in the context of a qualified immunity defense). That is, the right said to have been violated must be defined "in light of the specific context of the case, not as a broad general proposition." *Id.* (citing *Brosseau v. Haugen*, 543 U.S. 194, 198-88 (2004)).

On appeal, Green asserts a violation of her rights under the Equal Protection Clause. In support of her assertion, she states:

> Plaintiff specifically alleges in Count IV that Defendants Maya and Louden violated her constitutional rights by covering-up the white male driver's liability, because of Plaintiff's race and/or sex.
>
> Plaintiff also alleges that as a direct result of Defendant Maya's and Louden's actions, Plaintiff was deprived of her right to adequate, effective and meaningful access to the courts.
>
> Plaintiff specifically alleges that Defendants are liable for "ratifying", and showing "deliberate indifference" to the racially and sexually discriminatory investigation and cover-up, by their refusal to investigate Plaintiff's Citizen Complaint.
>
> Because the constitutional right to be free of discrimination because of race and/or sex and police "cover-ups" was clearly established, Defendants were not entitled to qualified immunity.

Green's complaint does nothing more than plead violations of her right to equal protection under the law. These assertions fail to establish with particularity a violation of a clearly established constitutional right. *See id.* Because Green has not met the burden of establishing Defendants violated a clearly established constitutional right, the district court was correct in dismissing Count III.

V.

Finally, we affirm the district court's decision to dismiss Green's claims with prejudice. We review the district court's grant of a 12(b)(6) motion to dismiss for abuse of discretion. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1988). "We will find an abuse of discretion if the district court 'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Id.* In support of her argument, Green contends that this Court's decision in *Carver v. Bunch* precludes the district court from granting Defendants' "unopposed" motion to dismiss because her complaint contains allegations that sufficiently state valid causes of

actions. 946 F.2d 451, 452 (6th Cir. 1991) (finding that the record did not support the district court's dismissal of the complaint solely for failure to respond to defendant's motion to dismiss).

We disagree. *Carver* simply instructs that where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly. *Id.* at 455. With these instructions in mind, we find that the district court did not abuse its discretion in granting Defendants' motion to dismiss. Not only did the district court carefully consider Green's pleadings in coming to its decision, but when Green missed the deadline for filing her response to the motion to dismiss, the court issued an "Order to Show Cause" to Green's attorney. Upon receipt of her response, the court considered the arguments therein. Thus, we find that the district court did not abuse its discretion in granting Defendants' motion to dismiss.

## VI.

For the foregoing reasons we AFFIRM the decision of the district court.