NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0572n.06

Case No. 25-1339

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DEREK SWEATT, | ) | **FILED** |
| | ) | Dec 09, 2025 |
| Plaintiff-Appellant, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SAMUEL PHILIPP; JEREMIAH WHEELER; | ) | MICHIGAN |
| BRANDON TRIPP; TRIPP'S AUTO SHOP & | ) | |
| COLLISION CENTER, INC., | ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |

Before: STRANCH, BUSH, and READLER, Circuit Judges.

READLER, Circuit Judge. Brandon Tripp fired Derek Sweatt from his job at Tripp's Auto Shop & Collision Center because Sweatt allegedly stole approximately $500 worth of tools. Tripp informed the police of the theft, which resulted in a police investigation. That inquiry led to a criminal charge against Sweatt. But prosecutors later dropped that charge due to a fear that they would not prevail at trial.

Sweatt responded by filing a malicious prosecution suit against Tripp, Tripp's Auto, and the investigating officers. After defendants moved for summary judgment, Sweatt presented to the district court a transcript of an interview Sweatt's attorney conducted with Tripp during the state proceedings. That interview, Sweatt claimed, contained statements that created a genuine dispute over material facts. But as Sweatt never disclosed this information during discovery, the

district court did not consider it in awarding summary judgment to Tripp and the company. As for the officers, the district court granted them summary judgment because Sweatt presented no evidence that the officers participated in the decision to prosecute.

Sweatt moved for relief from the judgment under Federal Rule of Civil Procedure 60(b). The district court denied that motion, a decision Sweatt now appeals. Because the district court did not abuse its discretion in denying Sweatt's motion, we affirm.

I.

A. A year into his employment with Tripp's Auto, Sweatt was fired. The parties disagree over the basis for Sweatt's termination. But they agree that Tripp called the police to report Sweatt for theft of shop tools.

Officer Jeremiah Wheeler responded to that call. His body camera recorded Tripp stating that he had reviewed security camera footage, which revealed Sweatt impermissibly accessing toolboxes and taking a DeWalt tool bag. When Tripp allegedly confronted Sweatt, Sweatt told him that the tool bag was empty. Tripp, however, told Wheeler that although he did not know exactly what Sweatt stole, he estimated $500 worth of tools was missing. Tripp promised to finish reviewing the security footage and provide Wheeler with a copy. Wheeler later interviewed Sweatt, who denied stealing any tools. Officer Samuel Philipp also reached out to Sweatt, but Sweatt refused to talk without first consulting a lawyer.

A county prosecutor charged Sweatt with larceny of $200 or more but less than $1,000. As part of the criminal proceedings, Sweatt's attorney interviewed Tripp. A state court order, however, prohibited any "taping, recording or stenographic record . . . of the conversation." R. 53-2, PageID 494. Nonetheless, Sweatt's attorney had his secretary take stenographic notes during the interview. According to Sweatt, those notes suggested that Tripp never knew what tools Sweatt

took. The prosecutor eventually dismissed the case "[b]ased on information obtained during [the] follow-up investigation" that suggested prosecutors could not prove Sweatt's guilt "beyond a reasonable doubt." R. 1-3, PageID 11.

B. Sweatt sued Philipp and Wheeler under 42 U.S.C. § 1983 for malicious prosecution. He also brought a state law malicious prosecution claim against the two as well as Tripp and Tripp's Auto. After discovery closed, defendants filed motions for summary judgment. In his response to Tripp's and Tripp's Auto's motion, Sweatt asserted that there was a genuine issue of material fact about whether there was probable cause for his prosecution. According to Sweatt, Tripp had admitted in an interview with Sweatt's attorney that Tripp did not know what was in the tool bag that Sweatt took. For support, Sweatt attached a "Transcript of Brandon Tripp Interview" to his response. Absent from Sweatt's response, however, was an explanation as to where the transcript came from or why it was not produced in discovery. For those reasons, the district court refused to rely on it in granting defendants summary judgment on all claims.

Sweatt filed a motion for relief from the judgment under Rule 60(b)(1) and (6). Attached to Sweatt's motion was an affidavit from Danella Woods, his attorney's secretary. In her affidavit, Woods claimed that the transcript Sweatt filed was based on Tripp's interview during the state court proceedings. Sweatt added that the transcript was included in his response to the summary judgment motion only as an example of Tripp's prior statements, which Woods would testify to at trial. And although a video or audio record of the interview was not possible due to limitations placed on the interview by the state court, Sweatt believed the district court should have considered the transcript because Woods was a disclosed witness. Further, Sweatt argued, the district court made an erroneous factual determination in concluding that the officers and Tripp were truthful

with the prosecutor. These factors, taken together, Sweatt asserted, entitled him to relief from judgment.

The district court denied his motion. With respect to the transcript issue in particular, the court noted that Sweatt had not justified his failure to produce the document during discovery, and that it was not an excusable mistake to fail to address the transcript's origin at the summary judgment stage. Sweatt filed a timely appeal, and before this Court his arguments focus on the denial of his Rule 60(b) motion, which we turn to next.

II.

Rule 60(b) permits Sweatt to "seek relief from a final judgment, and request reopening of his case." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). But there are limits on Rule 60(b)'s reach. *See id.* Among them, Rule 60(b) is not a tool for a losing party "to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). So Rule 60(b)(1) applies only where there has been "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). And while Rule 60(b)(6), a catchall provision, allows Sweatt to move for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), that broad category is typically understood to justify court intervention only in "extraordinary circumstances," *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025).

We review the district court's denial of Sweatt's Rule 60(b) motion "for abuse of discretion." *BLOM Bank*, 145 S. Ct. at 1622 (quoting *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978)). In doing so, we are not reviewing the merits of the underlying judgment against Sweatt. *Tyler*, 749 F.3d at 509 (citing *Jinks*, 250 F.3d at 385). Instead, our inquiry is

limited to asking whether the district court abused its discretion in denying Sweatt Rule 60(b) relief. *See Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (citing *Tyler*, 749 F.3d at 509). In this setting, a district court abuses its discretion if it "relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Tanner v. Yukins*, 776 F.3d 434, 442 (6th Cir. 2015) (quoting *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011)).

*Rule 60(b)(1).* To prevail, Sweatt must show that his case falls into one of a small collection of circumstances: either that he "made an excusable mistake or an attorney . . . acted without authority," or that the district court "made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Sweatt asserts several grounds for relief under Rule 60(b)(1)—that this case contains an instance of excusable neglect, a mistake of law, and two mistakes of fact. We take each in turn.

1. To begin, Sweatt claims that his failure to produce the Tripp interview transcript in discovery was excusable neglect. Whether Sweatt's mistake is excusable turns on whether he can "first demonstrate a lack of culpability." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 458 (6th Cir. 2011) (citation modified). If he can make that showing, we will also consider prejudice to the other party and whether Sweatt's underlying claim is meritorious. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *Flynn*, 440 F. App'x at 457–58). But Sweatt cannot make the threshold demonstration on culpability here.

Parties are responsible for complying with the rules of discovery. *See Hall v. Navarre*, 118 F.4th 749, 755 (6th Cir. 2024) (refusing to excuse the failure to follow a discovery schedule). With that understanding in mind, it bears noting that even at this late date, Sweatt has yet to explain why

5

he failed to produce the transcript in discovery. He acknowledges it was a mistake to attach only the transcript to his response to the summary judgment motion without any sort of accompanying declaration. That said, Sweatt asserts that the "extraordinary circumstances regarding the parameters" the state court set regarding the interview made testimony by a witness with personal knowledge the only way of introducing Tripp's prior statements. Appellant Br. 16.

But Sweatt's actions reveal his culpability. As a starting point, he fails to explain why the state court's restrictions on his use of the Tripp interview made his neglect excusable. What is more, Sweatt did eventually provide the transcript. Why the state court order prohibited Sweatt from providing the transcript in discovery but permitted him to do so when staring down the barrel of summary judgment is never explained. Nor does Sweatt explain why he failed to attach the Woods declaration to his response to the motion for summary judgment.

As Sweatt has not demonstrated a lack of culpability, we need not consider the remaining factors. *See Yeschick*, 675 F.3d at 628–29. We note, however, that the district court determined that even taking account of the transcript, Tripp's alleged statements did not create a genuine dispute of material fact. So either way, Sweatt has not demonstrated that the district court abused its discretion when it refused to vacate its summary judgment order on the basis of excusable neglect.

2. Next, Sweatt argues that the district court committed a mistake of law by granting summary judgment when there was a genuine dispute of material fact about whether Tripp was truthful with the officers and prosecutor. But Sweatt's arguments all rely on the Tripp transcript. And the usual rule is that a court will not consider evidence at the summary judgment stage that a party failed to disclose in discovery. *See* Fed. R. Civ. P. 37(c)(1); *U.S. ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson*

6

*v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). Again, the district court had no obligation to consider the statements memorialized in the transcript. So there was no record evidence before the district court that created a genuine dispute of material fact.

Resisting this conclusion, Sweatt emphasizes that Woods would have testified about Tripp's statements at trial, raising a genuine dispute of material fact. We reiterate that the district court's task at the summary judgment stage was to consider the record evidence—not other evidence that Sweatt might introduce later. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). We thus see no abuse of discretion in the district court's refusal to consider Woods's theoretical testimony.

3. Lastly, Sweatt contends that the district court made two factual mistakes. The first? That the court conflated Sweatt's taking of the tool bag and a blowtorch with his stealing $500 worth of tools. We disagree. The district court correctly noted that "[a] review of the officers' reports show that they accurately reflect what Tripp and Sweatt told them. Sweatt's statements to the police confirmed that he had taken the bag and other items, but claimed that he was just borrowing them." R. 51, PageID 452. We see no confusion over the conclusion that Tripp alleged that Sweatt stole $500 worth of tools.

And the second? That the district court determined that the record did not support Sweatt's claim that the officers' false statements led to his prosecution. This matters because prevailing on a § 1983 malicious prosecution claim requires Sweatt to establish that "the [officers] made, influenced, or participated in the decision to initiate a prosecution against him." *Price v. Montgomery County*, 72 F.4th 711, 724 (6th Cir. 2023) (citing *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015)). Michigan law calls for essentially the same. *See Matthews v. Blue Cross &*

*Blue Shield of Mich.*, 572 N.W.2d 603, 609–10 (Mich. 1998) (citing *Rivers v. Ex-Cell-O Corp.*, 300 N.W.2d 420, 424 (Mich. Ct. App. 1980)).

The district court found that Sweatt offered no evidence that the officers influenced or participated in the decision to prosecute him. To make that showing, Sweatt was required to demonstrate that the officers provided investigative materials to the prosecutor "containing falsehoods, omissions, or misstatements" that "were made deliberately or with reckless disregard for the truth." *Price*, 72 F.4th at 724 (quoting *Tlapanco v. Elges*, 969 F.3d 638, 655 (6th Cir. 2020)). That requires more than turning over the parties' disputed accounts of events to the prosecutor. *See Johnson*, 790 F.3d at 655. Take *Johnson*, for example, where we held that although the alleged victim's statements to the police were inconsistent and of questionable credibility, the officers did not act with reckless disregard of the truth in turning over those statements to a prosecutor without continuing to investigate the veracity of the claims. *See id.* at 655–56. So too here. Wheeler's report noted the conflicting accounts between Sweatt and Tripp and included the facts that Sweatt argues undermined Tripp's explanation. In other words, the officers did not conceal or falsify evidence in the materials they provided to the prosecutor. That is enough to defeat Sweatt's malicious prosecution claim.

Not so, according to Sweatt. To his mind, the report was not truthful because Wheeler's body camera footage contradicts what Wheeler wrote. Specifically, he claims Tripp admitted to Wheeler that he did not know what was in the bag Sweatt took. It follows, says Sweatt, that Wheeler's report that "$500 in tools in a De[W]alt tool bag were reported stolen" was false. R. 33-6, PageID 317.

The record does not support Sweatt's claim. Wheeler's report is careful to note that "*Brandon [Tripp]* said that Derek stole $500 in [tools]." *Id.* at PageID 315 (emphasis added). In

8

that way, the report is relaying Tripp's allegations, not Wheeler's independent judgment. So too

for the claim that "$500 in tools in a De[W]alt tool bag *were reported* stolen." *Id.* at PageID 317

(emphasis added). Wheeler is accurately reporting that Tripp reported $500 worth of tools stolen,

not vouching for Tripp's credibility. Nor does the report contradict the body camera footage. True,

Tripp at one point said he did not know exactly how much was missing. Yet Tripp also told

Wheeler that the approximate value of the allegedly stolen tools was $500. Wheeler acknowledged

this fact's tentative nature in his report, stating that "Brandon [Tripp] advised he would review

footage and . . . attempt to compile a list of what was taken and not returned." R. 32-6, PageID

226. As a failsafe, Wheeler warned that his report was merely a synopsis and pointed the

prosecutor to his body camera footage for a verbatim account. To our eyes, then, the report does

not contain the falsehoods Sweatt suggests. Perhaps a prosecutor might have opted to do more

investigating after reading Wheeler's report before charging Sweatt. But that decision falls on the

prosecutor, not Wheeler. *See Jones v. Naert*, 121 F.4th 558, 569 (6th Cir. 2024) (holding officer

did not participate in the decision to prosecute even though his report contained false statements

because the prosecutor could independently review footage of the incident). As for Philipp, Sweatt

has identified nothing false in his report. In sum, the district court did not make a factual mistake

that amounts to an abuse of discretion.

*Rule 60(b)(6)*. Although Sweatt styled his motion in district court as a "Rule 60(b)(1) and

(6) Motion for Relief," all of the grounds for relief identified there fell within Rule 60(b)(1). R.

53. We need not revive on appeal a legal theory that Sweatt failed to meaningfully argue in district

court. *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022).

Compounding matters, Sweatt does nothing more in his appellate brief than state the applicable

standard for relief under Rule 60(b)(6); he never explains how Rule 60(b)(6) might apply to his

case in a manner his Rule 60(b)(1) arguments did not. *See M.J. ex rel. S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 446 n.3 (6th Cir. 2021) ("Plaintiffs spend a single sentence objecting to this ruling. . . . Given this bare-bones briefing, plaintiffs forfeit their argument." (citing *Bard v. Brown County*, 970 F.3d 738, 750 (6th Cir. 2020)).  Sweatt has thus failed to show entitlement to relief under Rule 60(b)(6).

\*     \*     \*     \*     \*     \*

We affirm.